WOODSON DANIEL and others v. W. J. LAUGHLIN.

*Justice's Judgment—Statute of Limitations.*

An action on a justice's judgment is barred after the lapse of seven years from its rendition, and neither the docketing of the same in the superior court nor the death of the debtor within that period will arrest the running of the statute. *Mauney* v. *Holmes*, *ante* 419, distinguished.

(*Broyles* v. *Young*, 81 N. C., 315, cited and approved.)

28

SPECIAL PROCEEDING tried at Spring Term, 1882, of RAN-
DOLPH Superior Court, before *Graves, J.*

On the 29th of December, 1879, certain creditors of the
estate of Mumford S. Harris, deceased, commenced a special
proceeding in the nature of a creditor's bill against the de-
fendant Loflin, as his administrator, in the probate court of
Randolph county.

Due advertisement was made for creditors to file their
claims, and amongst others, J. W. Gidney, as administrator
of Jason C. Harris, produced the record of two judgments
docketed in the superior court of said county, and asked to
be made a party to said proceeding.

Upon being notified thereof, the defendant denied the
liability of his intestate upon said claims, and thereupon
pleadings were filed and an issue joined between the par-
ties and the cause forwarded to be tried in the superior
court at term.

The plaintiff in the issue declared upon two judgments
which his intestate had recovered against the intestate of
the defendant in a justice's court, on the 25th day of Sep-
tember, 1869, and caused to be docketed in the superior
court on the 29th day of September, 1869—the one being
for the sum of $138.87 and costs, and the other for the sum
of $109.90 and costs. The defence relied upon was the
statute of limitations.

In the superior court the parties waived a trial by jury
and the court found the facts to be as follows:

On the 25th day of September, 1869, the plaintiff's intes-
tate obtained before a justice of the peace two judgments for
the several amounts, before stated, against the intestate of
the defendant, and had them docketed four days thereafter,
and, on the same day with the docketing, procured execu-
tion to issue and be placed in the hands of the sheriff, who
returned the same endorsed, " no fees paid or tendered," and

no other execution was ever issued under either of said judgments.

The plaintiff's intestate died in 1874, and the plaintiff qualified as his administrator during the same year. The defendant's intestate died in January, 1877, and the defendant qualified as his administrator in February, 1877.

The present action was commenced on the 15th day of December, 1879.

The court thereupon adjudged that the plaintiff's cause of action was barred by the statute, and rendered judgment accordingly, and the plaintiff appealed.

*Messrs. Scott & Caldwell*, for plaintiffs.
No counsel for defendant.

RUFFIN, J. We do not understand counsel, who argued the plaintiffs' exceptions in this court, to insist very earnestly upon them. Nor can we ourselves perceive any error in the ruling of the court below. The statute fixes the limitation to actions upon judgments rendered by justices of the peace, at seven years, in language so plain and positive that it leaves nothing open for construction; and notwithstanding the fact that the judgments declared on in this case had been docketed, they continued to be the judgments of the justice for every purpose and intent, save those of lien and execution, and as much subject to the limitation prescribed for such judgments, as though no transcript of them had ever been forwarded to the superior court.

Such in effect is the decision made in *Broyles* v. *Young*, 81 N. C., 315. That was a motion for leave to issue execution made more than seven, and less than ten years from the date of docketing a justice's judgment, and the motion was allowed upon the ground that the statute made it a judgment of the superior court, in all respects, so far as they related to its lien upon lands and the enforcement thereof

by execution. But at the same time it was expressly said, that an *action* upon the judgment would then be barred, since more than seven years had transpired since the day of its rendition.

In the case at bar, however, it is immaterial in which light we treat the judgments sued on—whether as justices' judgments, or as court judgments, for as more than ten years intervened between the date of their docketing and the bringing of the action, they are barred, *quacunque via.*

Our attention was called to the law of executors and ad-ministrators (Bat. Rev., ch. 45, § 40) wherein it is provided that in the administration of a deceased debtor's estate, judgments docketed and in force should have priority over certain other claims to the extent to which they have become a lien upon the decedent's property, *at the date of his death :* and it was suggested that the effect of this provision was to fix the right of the judgment creditor at that day, and to stop the statute; so that thereafter it could not become a bar to his claim.

We cannot yield our assent to such a suggestion. The mischief attending stale claims which it is the object of the statute to avoid, is as great, if not greater after the death of the debtor, as before, and there is the same reason for requiring diligence in the one case as the other. Accordingly, upon looking to the statute, which defines the limitations to actions, we find certain cases declared to be exempt from its operations—but nothing like this.

Under the law as it stood before the present statute, there were certain priorities allowed, and amongst them that of a promissory note over an open account, and the right to such priority became absolute and fixed immediately upon the death of the debtor, and yet nothing was more common than for the statute to be pleaded to actions on such notes, in cases where the full period of time prescribed for the bar,

had been attained after the debtor's death and the grant of letters upon his estate.

. This case is easily distinguished from *Mauney* v. *Holmes,* *ante,* 419, for there, notwithstanding the fact that more than ten years had elapsed after the judgments were docketed, they were held not to be barred by reason of the provision contained in the 43d section of the Code, and not being barred, they related to the death of the debtor, and their priorities determined according to the state of their liens at that time. But here, the judgments are barred and their liens exhausted, and there is nothing left that can have relation to the death of the debtor. Neither is there anything to show that the claims were ever presented to the defendant administrator and admitted by him, so as to bring the case within the act of 1881, ch. 80, and the stay to the statute therein provided.

Our conclusion therefore is that the judgment must be affirmed and that this be certified.

No error.                                     Affirmed.