· WILLIAM N. GRAHAM, Admr.

*v.*

MARY E. BROCK *et al.*

*Opinion filed December 22, 1904.*

1. LACHES—*when filing of a petition to sell real estate may be barred.* The right to file a petition to sell real estate to pay debts may be barred by a delay of seven years, although mere lapse of time, if a sufficient excuse is given for the delay, will not bar the proceeding.

2. SAME—*what does not excuse a delay in filing petition to sell real estate.* A delay of nineteen years before filing a petition to sell land subject to the dower interest of the widow to pay debts of the estate is not excused by the fact that the property had but recently advanced to such value as, in the opinion of the creditors, would justify a sale subject to dower.

APPEAL from the County Court of Mercer county; the Hon. W. T. CHURCH, Judge, presiding.

I. N. BASSETT, for appellant.

FRANK M. CARNAHAN, MCARTHUR & COOKE, and GRAHAM & BURGESS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Mercer county dismissed the petition of appellant, administrator *de bonis non* of the estate of Benjamin F. Brock, deceased, filed in that court against the appellees, praying for an order to sell real estate owned by said Benjamin F. Brock at his death for the payment of debts of his estate, and appellant prosecuted this appeal.

Benjamin F. Brock died intestate on August 30, 1884, leaving the appellee Mary E. Brock, his widow, and seven children, his heirs-at-law. Letters of administration were issued on September 3, 1884, to August L. Craig and James M. Brock, who filed an inventory of the real and personal

estate. The chattel property was taken by the widow on her award, leaving a balance due her. Claims were allowed against the estate, which, together with a judgment recovered against the administrators in the circuit court of Mercer county, amounted to over $5000. On January 2, 1885, the administrators filed a report showing the condition of the estate, and a petition for an order to sell real estate of the deceased to pay debts. The court found that the widow was entitled to a homestead in a certain block in the city of Aledo and dower in all the real estate, and commissioners were appointed, who assigned to her the homestead in said block and set off to her as dower certain blocks and lots in Aledo involved in this proceeding. The administrator sold all the real estate under the decree in that proceeding except the portion set off to the widow for homestead and dower, and the sales amounted to $703.30. On April 28, 1887, the administrators made a final report showing payment of the expenses of administration, and that all claims, except the widow's award and first-class claims, were wholly unpaid. On August 28, 1887, the administrators were discharged by the court, and nothing was done toward any further administration of the estate until January 4, 1904, when appellant was appointed administrator *de bonis non.* After the discharge of the administrators all of the property except one block was conveyed to third parties, and that block was conveyed to one of the heirs, in 1898, for a consideration of $400, by the widow and other heirs. On January 20, 1904, appellant filed his petition for the sale of the lots and blocks set off to the widow for her homestead and dower. It was averred in the petition that the widow had abandoned the homestead in 1899, but appellant afterward dismissed his petition as to the homestead, and the only property involved in the proceeding is that which was assigned to her for her dower. Part of the land was claimed by third parties under conveyances by the widow and heirs, and all of it was claimed under the Statute of Limitations by virtue of claim and color

of title and payment of taxes for seven years. The defendants answered setting up their claims to the property, and a hearing resulted in the dismissal of the petition.

Nineteen years had elapsed after the death of Benjamin F. Brock and after the original petition was filed for the sale of real estate to pay debts when the petition in this case was filed, and unless a good reason was given for the delay the proceeding was barred by *laches.* There is no statutory limitation of the right to file such a petition, but it must be done within a reasonable time, and seven years has been adopted by this court as the proper time within which application shall be made. The bar arises from *laches* rather than legal limitation, and if sufficient excuse is given for the delay the mere lapse of time will not bar the proceeding. The determination of the question must depend largely upon the circumstances of each case. (*Bursen* v. *Goodspeed,* 60 Ill. 277.) The explanation offered in the petition in this case was, that when the dower was assigned the real estate set off was located in a part of the city where there were a great many vacant lots and but few buildings, which were of an inferior quality; that there was but little demand for lots and they were of very little value; that at the time of the sale of the other real estate the property subject to dower would not have sold for more than enough to pay the expenses of the sale, but that the property had recently advanced materially in value and would sell for $600 or $700 a block, subject to the widow's life estate, which had not been extinguished. On the hearing it was proved that the property formerly would have sold for but little subject to the dower, but that there had been a material increase in value in recent years, so that the property would then bring a substantial sum.

The only excuse offered to the court, in the petition or proof, for the long delay, was, in substance, that the property was practically worthless for many years, and for that reason the creditors did not care to have it sold and practically abandoned all intention of proceeding against it, but

finding that it had increased in value they concluded to institute the proceeding and appropriate it to the payment of their debts. We do not regard the fact that the property had recently advanced in value as explaining the delay or offering any excuse for not proceeding at an earlier date. There was nothing in the land itself, or its situation, or the condition of the title, to justify or excuse delay; but appellant's position is, that the creditors did not want to proceed against the land as long as it was of little value, and if its value had remained the same would never have done so, but are now moved to institute the proceeding merely because of the increase in value. The property is still encumbered by dower, and in that respect the case is like that of *McKean* v. *Vick,* 108 Ill. 373. In that case there was a delay of nearly thirteen years in making the application. The explanation offered was, that a lot had been assigned to the widow as a part of her dower and had been occupied by her as a homestead. The explanation was not deemed satisfactory, and the court said that if the fact that the lot was encumbered by the widow's dower and homestead was ever a reason why it should not be sold, the reason still existed. The interest of the heirs in the remainder had neither yielded them anything nor been augmented or rendered more available, while the debt had grown, by the accumulation of interest, until it was almost doubled.

Counsel has found no case where such an excuse as was offered here has been regarded sufficient. It was decided in *Dorman* v. *Lane,* 1 Gilm. 143, that a delay by an administrator for fifteen years to proceed against the real estate for the payment of a claim allowed to himself constituted gross *laches,* which, being wholly unaccounted for, was a bar to his application. In *Moore* v. *Ellsworth,* 51 Ill. 308, there was a delay of eight years, but it was satisfactorily explained by showing that the settlement of the estate had been necessarily delayed by litigation, which ended less than a year before the petition was filed. In *Bursen* v. *Goodspeed, supra,* letters

of administration were granted on February 5, 1856, and the petition was presented on September 27, 1869. The land had been occupied by the widow, under her right of homestead and dower, up to her death, about two months before the petition was filed. A sale of the land in a proceeding instituted for that purpose in 1858 had been resisted by certain creditors on the ground that it would not sell for more than $2000, of which the widow would be entitled to $1000 in lieu of homestead, and her dower besides. The land still remained in the hands of the heirs and no valuable improvements had been put upon it, and the original proceeding had been continued from time to time and merely suspended without being finally disposed of. It was said that the creditors were not bound to resort to a fruitless and destructive sale, and the land being disencumbered of the homestead and dower and no intervening rights having been innocently acquired, the explanation was sufficient. In *Bishop* v. *O'Connor,* 69 Ill. 431, where there had been nothing to prevent a resort to the county court to compel the administrator to subject the lands to the payment of debts, it was held that the complainants were barred by *laches.* There was a delay of nearly ten years in the case of *Furlong* v. *Riley,* 103 Ill. 628, and the reason offered for the delay was, that the records of the court and the files relating to the estate had been destroyed by fire. This was not regarded as a sufficient excuse, since the petitioner might at any time have had the lost papers and records restored and then have proceeded to sell the land. In the case of *Judd* v. *Ross,* 146 Ill. 40, the lands which the petitioner sought to have sold had been set off to the widow as her dower and homestead, and she occupied them until her death, in 1892. As soon as she died and the land was released of the homestead and dower rights the proceeding was instituted. It appeared that the lands, if offered for sale while encumbered, would not have sold for more than enough to pay the costs and the land would have been sacrificed. This was deemed a sufficient explanation for a

long delay. The reason given in that case was not that the land was worthless and had recently advanced in value, as in this case. The fact that the land could not have been reached by the creditors at all in satisfaction of their debts was held to be a sufficient reason in *People* v. *Lanham,* 189 Ill. 326, for waiting more than twenty years until the homestead was extinguished. The premises occupied by the widow as a homestead were not worth more than $1000 and were exempt from sale until the homestead estate terminated, and as application was made as soon as the land could be made subject to the debts, there was no *laches.*

We are satisfied with the conclusion of the county court, and the decree is affirmed.

*Decree affirmed.*