### N. A. Frier, administrator, etc., v. Laura Lowe, et al.

1. REAL ESTATE—*when, cannot be sold to pay debts of decedent.* Four years of unexplained delay, following the extinguishment of the homestead and dower claims which prevented an immediate sale will operate to effect an estoppel to prevent creditors from selling the real estate to pay the debts of their deceased debtor, where in the meantime the rights of third parties have intervened.

Contest in court of probate. Error to the County Court of Gallatin County; the Hon. MARSH WISEHEART, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

JESSE E. BARTLEY and W. R. McKERNON, for plaintiff in error.

D. M. KINSALL and CARL ROEDEL, for defendants in error.

MR. JUSTICE MYERS delivered the opinion of the court.

This case is brought to us by writ of error to the County Court of Gallatin County. Plaintiff in error, administrator *de bonis non* of the estate of Charles Kopf, deceased, filed his petition in the County Court for an order to sell real estate to pay debts. Charles Kopf died testate March 22, 1871. He left surviving a widow and three minor children, his heirs at law. At the time of his death he was owner in fee of the premises sought to be sold and with his family occupied the same as his homestead. John D. Richeson qualified as executor on March 25, 1871, and duly admin-

istered the estate. The personal property was not sufficient to pay the widow's award and claims probated and allowed. The executor obtained an order under which the premises described in the petition were set off to the widow as her dower and homestead, and the remainder of the real estate was sold to pay debts. The proceeds of the sale of personal property and real estate was applied in payment of claims allowed, leaving a deficiency or balance unpaid of about $4,000. The widow continued in possession and occupation of the homestead until her death October 25, 1898. In February, 1898, two of the three heirs quit-claimed their interest in the premises to the remaining heir, and on October 19, 1898, he, with the said widow, joined in a warranty deed of the premises to the defendant Herman Wiederhold, who took possession immediately upon the death of the widow. On August 27, 1900, the executor, John D. Richeson, having departed this life, plaintiff in error was appointed administrator *de bonis non,* and in October, 1902, filed his petition in the County Court for an order to sell the dower and homestead premises to pay the balance due upon claims allowed in 1871, with interest. To this petition a demurrer was interposed and sustained, and on this ruling of the court error is assigned. Much of the argument of both parties is directed to the question, as to whether the appointment of an administrator *de bonis non* instead of *de bonis non* with the will annexed confers any authority on the petitioner. In view of conclusions reached on the merits of the case a decision of this technical question is not deemed necessary. Ordinarily seven years' delay will bar an administrator from selling real estate for the payment of debts, but it has been held in numerous decisions of the Supreme Court that a mere lapse of time, under particular circumstances, may not operate as a bar to the proceeding. It is well settled that if property is encumbered by an estate of homestead and dower substantially to its full value, that a sale of property so encumbered may be postponed until the encumbrance is extinguished, when the administrator may proceed to subject

it to the payment of claims. It is not required that the land shall be sold subject to the encumbrance when it appears that nothing would be realized to the creditors by such sale. Wells v. Lanham, Excr., 189 Ill. 326; Graham, Admr., v. Broch, 212 Ill. 579. If, however, during a long delay the rights of third persons intervene, as in this case, and the administrator or the creditors fail to act promptly after the encumbrance is extinguished, they will be estopped from subjecting the property in the hands of such third parties to the payment of unsatisfied claims. At the time defendant Wiederhold purchased and acquired title, the unpaid claims against the estate of Charles Kopf, deceased, so far as they partake of the nature of judgments, had long since ceased to be a lien upon the premises, and could be enforced only as against the heirs or devisees of the deceased. There was nearly four years unexplained delay, after the death of the widow and the termination of dower and homestead, before the filing of this petition. To avail themselves of the right to payment out of real estate in the hands of the heirs, in a proceeding of this kind, creditors must not delay to the prejudice of third parties who have acquired right and possession. There is no lien in favor of the creditors; only a suspension of the right to proceed against the real estate until the necessity for such suspension was removed, and perhaps, for a reasonable time thereafter. Nothing appears in the facts or circumstances to justify so long a delay. For this reason the court did not err in sustaining the demurrer and dismissing the petition. The judgment will be affirmed.

*Affirmed.*