## Frank D. Thomas, Administrator de bonis non, v. James F. Waters, et al.

1. WRIT OF ERROR—*when lies.* A writ of error lies to review the decree of a court of probate in relation to a proceeding to sell real estate to pay the debts of a decedent.

2. ADMINISTRATOR DE BONIS NON—*authority of, not subject to collateral attack.* The authority of an administrator *de bonis non* can only be questioned in a direct proceeding instituted for that purpose.

3. SALE OF REAL ESTATE TO PAY DEBTS—*what does not bar proceeding for.* A delay occasioned by the fact that the land in question was until about the time of the institution of the proceeding subject to dower and homestead, which substantially represented its entire value, does not bar the proceeding.

Petition for leave to sell real estate to pay debts. Error to the County Court of Pope County; the Hon. WILLIAM A. WHITESIDE, Judge, presiding. Heard in this court at the February term, 1905. Reversed and remanded with directions. Opinion filed September 8, 1905.

D. G. THOMPSON and W. D. BEAMES, for plaintiff in error.

WILLIAM H. MOORE and CHARLES DURFEE, for defendants in error.

MR. JUSTICE MYERS delivered the opinion of the court.

In this proceeding Frank D. Thomas, plaintiff in error, as administrator *de bonis non* of the estate of Pleasant G. Waters, deceased, filed his petition in the County Court of Pope County for an order to sell real estate to pay debts. It is represented that Pleasant G. Waters died intestate April 15, 1884, leaving surviving, India E. Waters, his widow, and James F. Waters, Charles Waters, Dora Austin, Mary E. Boaz, Le Roy D. Waters and Henry C. Waters, his children and heirs at law; that all the children were minors at the time of their father's death; that at the date

of his death Pleasant G. Waters owned and occupied as a home the real estate described in the petition; that after his death his widow and minor children continued to occupy said land as a homestead until the youngest child became of age on February 23, 1904, after the date of filing the petition herein. It is further represented that an administrator of the estate of Pleasant G. Waters, deceased, was duly appointed in 1884, and fully administered upon the personal property of said estate; that the widow was awarded an allowance of $1,387, that the personal property appraised at $838.20 was taken by the widow on her award leaving a balance due her of $538.80; that claims to the amount of $330 were allowed; that a claim of $30 is yet unadjusted, and that the total indebtedness remaining unpaid was $898.80; that in his inventory the administrator listed the real estate at $1,550, and reported June, 1885, as follows: "There is no further personal property belonging to said estate, and that said real estate is occupied as a homestead by the widow and minor children, and is not worth at forced sale more perhaps, than $1,000. The said estate being insolvent, ask to be discharged;" that upon the filing of said report the administrator was discharged. It further appears from the petition that upon application of T. Scott, a creditor, after the death of India E. Waters, the widow, in 1899, letters of administration *de bonis non* were issued to plaintiff in error. The defendants, appellees, filed their answer to the petition denying the indebtedness and averring that the homestead was abandoned by the widow in 1886. It is averred in answer, that the land is worth $2,000, and has been worth that sum ever since the death of Pleasant G. Waters, that petitioner is not the administrator *de bonis non*, and defendants specifically claim the benefit of the Statute of Limitations. On the trial of the cause, petitioner introduced all his evidence, to which the defendants demurred. The court sustained the demurrer to the evidence, dismissed the petition and entered judgment against petitioner for costs, from which an appeal was taken to the Supreme Court and was there dismissed for

the reason that a freehold was not involved, there being no claim of adverse title in issue. Thomas, Admr., v. Waters et al., 213 Ill. 141. Thereupon the record is brought to this court upon writ of error.

The contention of appellees' counsel, that proceedings by writ of error will not lie in this case for want of statutory authority, is not tenable for the reason that it is expressly provided that appellate courts shall have jurisdiction of matters of appeal and writ of error from the final judgments or decrees of county courts in cases of this kind. Sec. 8, Appellate Court Act; Lynn, Admx., v. Lynn, 160 Ill. 307; McCallum v. Title & Trust Company, 203 Ill. 142. The right of plaintiff in error to institute this proceeding was established by his letters of administration offered in evidence, and his authority as administrator *de bonis non* cannot be challenged by demurrer to the evidence. It is to be presumed the court acted upon sufficient showing in making the appointment. The order of the court and his letters pursuant therewith are conclusive of his authority until set aside or annulled by a direct proceeding for that purpose. Judd v. Ross et al., 146 Ill. 40; Salomon v. People, use, etc., 191 Ill. 290. The proceeding to sell real estate to pay debts is collateral to that for the appointment of an administrator. Whether plaintiff in error was public administrator at the time of his appointment is immaterial, as it appears from the record that he was appointed administrator *de bonis non*, and the error or irregularity of issuing the letters without bond was subsequently cured by filing a bond under leave of the court, so that the rights of the defendants in that respect are in nowise prejudiced. Upon the merits of the case, the facts as they appear from the petition, the admissions by answer and the evidence; we are of opinion that the judgment of the trial court should be reversed. There is sufficient showing to authorize a decree of sale according to the prayer of the petition. It is the law of this State, and so held in a number of decisions of the Supreme Court, that if facts are shown to excuse delay the mere lapse of time will not bar the collection.

of claims against the estate of a deceased person in the manner here proposed.   And it is well settled that where property is encumbered by dower and homestead substantially to its full value, it is not necessary or proper for an administrator to sell the premises subject to that encumbrance.   He or the creditors may wait until the encumbrance is extinguished and then sell.   Wells v. Lanham, Excr., 189 Ill. 326; Graham, Admr., v. Brock, 212 Ill. 579. The right to subject the real estate to the payment of debts is merely suspended until such time as it may be effectively asserted.   Under the first administrator the personal property was exhausted, claims allowed against the estate were unpaid, the real estate was occupied by the widow and children as a homestead until the filing of this petition, and was not of certain or substantial value in excess of the homestead and dower.   The debts for which the sale is asked appear to be just claims duly allowed by the court, and no rights of third parties intervening, it seems just and equitable that they should be paid and that the defendants, heirs of the deceased, are not in a position to complain of the unavoidable delay on the part of creditors.

The judgment is reversed and the cause remanded with directions to the County Court to overrule the demurrer, and for further proceedings in conformity with this opinion.

*Reversed and remanded, with directions.*