Mary L. McFaddin et al. v. H. V. Ferrell, Administrator.

1. LIFE ESTATE—*when superior to claims of creditor.* A widow, taking a life estate by will, holds the same as a purchaser, where it does not exceed in value what she would have taken by law had she renounced under the will, and such estate is, therefore, superior to the claims of creditors.

2. SALE OF REAL ESTATE TO PAY DEBTS—*when not proper.* Where the property of an estate is encumbered by dower and homestead substantially to its full value, it is not necessary, or even proper, for an administrator to sell the premises subject to the encumbrance.

Proceedings to sell real estate to pay debts. Appeal from the County Court of Jackson county; the Hon. W. F. ELLIS, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

WILLIAM W. CLEMENS, for appellants.

WILLIAM A. SCHWARTZ, for appellee; COLP & FERRELL, of counsel.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This was a proceeding in the County Court, by appellee, as administrator *de bonis non* of the estate of John Linehan, deceased, to sell real estate to pay debts. It appears from the petition and evidence that John Linehan died April 27, 1884, leaving a widow, Maria Linehan, and three daughters, Mary L. McFaddin, wife of David McFaddin, Jennie Bevard, wife of G. W. Bevard, and Maggie Linehan, since deceased. By his will John Linehan devised his estate, subject to the payment of debts, to his wife for life with remainder, on death or marriage of his wife, to his three daughters, the two survivors of whom are the appellants herein. The widow Maria Linehan was duly appointed executrix May 24, 1884. There was no appraisement of personal property or widow's award estimated. An inventory was filed June 30, 1884,

showing the estate to consist of lot 303, Carbaugh's second subdivision of outlot 52 in Carbondale, subject to a mortgage of $400, and personal property valued at $140. The widow continued to reside upon the lot inventoried, and now in controversy, until her death, April 21, 1901. It does not appear that she ever made report or settlement as executrix, or that she was discharged by the court. On the 19th day of July, 1887, the claim of Adah Malloy, administratrix of the estate of John Malloy, deceased, was allowed against the estate of John Linehan, deceased, for the sum of $397.50, and to enforce the payment of this claim, with interest added, amounting to $760.20, is the purpose of this proceeding. Appellants answered the petition, denying that the claim of Adah Malloy as administratrix was ever probated or allowed, denying the insolvency of the estate, and that sufficient reason is set up in the petition or shown by the evidence for the long delay, and insisting that the claim is barred by the lapse of time, since it might have been prosecuted and collected many years ago. Upon hearing the court found in favor of appellee and rendered a decree in accordance with the prayer of the petition, from which an appeal was taken and errors duly assigned in this court.

That the lot in question was homestead property in John Linehan at the time of his death, and that the widow continued to occupy it as a residence until her death, is not disputed. And that it was not of certain or substantial value in excess of $1,000 at any time during the life of the widow, we think was clearly established by the evidence. It is insisted by appellant, however, that the widow, not having renounced under the will, waived her homestead and dower in the premises and took a life-interest as devisee, and this being her only title and right, her interest in the lot was subject to the payment of debts which might and should have been enforced by a sale of the premises. This contention is not tenable. It has been announced as

the rule, by the Supreme Court, that where the provision made in a will is not in excess of what the widow would take without the will, if she elects to take under the will, she will take, not as a beneficiary, but as a purchaser. A provision in a will in lieu of dower and homestead is, in fact and legal effect, a mere offer of the testator to purchase out the dower and homestead interest for the benefit of his estate. Carper et al. v. Crowl et al., 149 Ill. 465. "The real estate devised to her in fee will be considered in equity as representing her dower in all the testator's real estate and exempt from the payment of his debts as well as her homestead." Richie v. Cox, 99 App. 369. Under the doctrine of the cases cited, the widow held by purchase a life-estate in the premises superior and prior to any claim afterwards probated against her husband's estate. We think the evidence sufficient to warrant the finding by the County Court, that the claim of Adah Malloy, administratrix, was duly probated and allowed. So far as the record discloses, there was but one petition filed for the allowance of a claim, and that was April 18, 1887, by Adah Malloy, administratrix. The case is docketed and entitled, "In the estate of John Linehan, deceased." "Petition for allowance of claim." The cause was continued from the April to the June term, and again continued until July 18, 1887, when a hearing was had pursuant to the last continuance (the title as first docketed being preserved throughout), and was concluded the following day, July 19, 1887, with a judgment for the "plaintiff, claimant" against the estate of John Linehan, deceased, for the sum of $397.50. Read as a continuing record from the filing of the petition, in which the name of claimant is given, there can be no reasonable doubt from the record itself as to whom this allowance was made.

It is established law in this state, that where the property of an estate is encumbered by dower and homestead substantially to its full value, it is not

necessary or even proper for an administrator to sell the premises, subject to the encumbrance. The sale may be postponed until the encumbrance is extinguished, when the administrator may proceed to subject it to payment of debts. Wells v. Lanham, Exctr., 189 Ill. 326; Graham v. Brock, 212 Ill. 579; Thomas, Admr. v, Waters, 122 Ill. App. 434; Frier, Admr. v. Lowe et al., 119 App. 246. As was said in the Thomas case, *supra,* the debt, for which the sale is asked, appears to be a just claim duly allowed by the Probate Court, and no rights of third parties intervening, it seems just and equitable that it should be paid notwithstanding the lapse of time, and that the defendants, revisionary devisees, may not complain of the unavoidable delay.

The judgment will be affirmed.

*Affirmed.*