ALETA GOODRUM *et al.* Appellees, *vs.* JAMES H. MITCHELL *et al.* Appellants.

*Opinion filed October 26, 1908.*

1. LACHES—*time within which claim against estate should be enforced against land.* While the Statute of Limitations in Illinois fixes no time within which a claim against the estate of a deceased person shall be enforced against the land of which he died seized, yet by analogy the time has been established by the courts at seven years after his death, unless there is some valid reason for further delay.

2. SAME—*when fact that homestead premises were occupied by widow does not excuse delay.* A delay of more than thirty years by certain heirs in seeking to enforce payment of claims allowed against the ancestor's estate and paid by them to save the homestead from forced sale is not excused by the fact that the widow occupied the premises as a homestead, where the premises were worth more than $1000, and where a claim of the ancestor to other land of great value was established after his death and the legal title thereto recovered by the widow and heirs.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

This was a bill in chancery filed in the circuit court of DeWitt county by the appellees, against the appellants, for the partition of certain real estate situated in the city of Clinton, in said county.

It appears from the pleadings and proofs that John P. Mitchell died intestate in said county in the year 1874, seized in fee simple of the south half of the north half of out-block 16, in the original town (now city) of Clinton, in the county of DeWitt and State of Illinois; that he left him surviving his widow, Elizabeth Mitchell, and James H. Mitchell, Lillian Stock and William G. Mitchell, his children and sole heirs-at-law; that William G. Mitchell departed this life intestate in the year 1901, leaving him surviving his widow, Sarah E. Mitchell, and Aleta Goodrum, his daughter and sole heir-at-law; that Elizabeth Mitchell, the widow of John P. Mitchell, deceased, and Sarah E. Mitchell, the widow of William G. Mitchell, deceased, are both dead, and that said James H. Mitchell, Lillian Stock and Aleta Goodrum are each seized in fee of the undivided one-third part of said premises; that John P. Mitchell was indebted at the time of his death in excess of the amount of his personal estate; that claims for a considerable amount were allowed against his estate; that the only real estate the legal title of which was in said John P. Mitchell at the time of his death was the premises sought to be partitioned, which premises were occupied by him as a homestead, and that his widow continued to occupy the same as her homestead until the time of her death, in the year 1903; that said real estate was of the value of about $1500; that to save any portion of said homestead from forced sale to pay debts of said John P. Mitchell, deceased, said James H. Mitchell and Lillian Stock paid the claims against the estate of John P. Mitchell, deceased, not satisfied out of the personal estate, with their own funds, and said claims, which had been allowed by the county court, were assigned to them; that said claims remained unpaid at the time the bill for the partition of said premises was filed, and they sought, by their answer, to have said claims established as a lien against said premises. It further appeared that some years before his death John P. Mitchell

conveyed to John Warner and C. H. Moore a large tract of farming land situated in said DeWitt county; that while said lands were conveyed to Warner and Moore by absolute deed, they were conveyed to Moore and Warner in trust; that subsequent to the death of John P. Mitchell his widow and heirs filed a bill against Warner and Moore to enforce the said trust; that thereafter a compromise was effected between the parties, whereby Warner and Moore conveyed to the widow and heirs of John P. Mitchell, deceased, two hundred and forty acres of said lands, of the value of from $35 to $50 per acre, and paid $5000 in cash, in compromise of said litigation, which cash payment was retained by the solicitors of the widow and heirs as their compensation.

The master held that the claims paid by James H. Mitchell and Lillian Stock which had been allowed against the estate of John P. Mitchell, deceased, and assigned to them, should be established as a lien against the property owned by John P. Mitchell, deceased, situated in said out-block 16. The circuit court sustained exceptions to the master's report in that regard and held that said claims were stale and barred by the *laches* of James H. Mitchell and Lillian Stock, and decreed that said real estate be divided equally among James H. Mitchell, Lillian Stock and Aleta Goodrum, as the heirs-at-law of John P. Mitchell, deceased, free and clear of all liens. From that decree James H. Mitchell and Lillian Stock prosecuted an appeal to the Appellate Court for the Third District, where the decree of the circuit court was affirmed, and a further appeal has been prosecuted to this court, and it is assigned as error in this court that the Appellate Court erred in holding that the circuit court properly declined to establish a lien against the said premises in favor of the appellants for the respective amounts of the claims allowed against the estate of John P. Mitchell, deceased, which had been paid by them and assigned to them.

EDWARD J. SWEENEY, JOHN FULLER, and L. O. WIL-
LIAMS, for appellants.

LEMON & LEMON, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

John P. Mitchell died in the year 1874 and this bill was
filed in the year 1906. Thirty-two years had therefore
elapsed between the death of John P. Mitchell and the time
of the filing of this bill. It is therefore apparent that un-
less some valid reason is shown why payment of the claims
of James H. Mitchell and Lillian Stock against the estate
of John P. Mitchell, deceased, had not been sooner en-
forced, said claims were barred by the *laches* of the claim-
ants and had ceased to be a lien upon the real estate of
which said John P. Mitchell died seized, and the payment
thereof could not legally be enforced in this proceeding.
*Graham* v. *Brock,* 212 Ill. 579.

There is no Statute of Limitations in force in this State
which provides when a claim against the estate of a de-
ceased person ceases to be a lien upon the real estate of
which such deceased person died seized. It is held, how-
ever, such claim must be enforced against the real estate of
the decedent, if at all, within a reasonable time after his
death, and by analogy the time has been established at seven
years, unless some valid reason for a further extension is
shown. In this case the delay was attempted to be excused
on the ground that the premises against which said claims
are now sought to be enforced were occupied by John P.
Mitchell as a homestead at the time of his death, and sub-
sequent to his death were so occupied by his widow until
her death, which occurred in the year 1903. The fact that
premises which do not exceed in value $1000 were occupied
by a widow as a homestead subsequent to her husband's
death has been held to be a valid excuse for not seeking
to enforce payment of the debts of the deceased husband

against said premises during the life of the widow, (*Hanna v. Palmer*, 194 Ill. 41,) but the fact that the widow occupied a part of her deceased husband's estate as a homestead would not be an excuse for a delay in enforcing a claim against the real estate of her deceased husband if the same exceeded in value $1000, or if the personal property of the deceased was ample to pay his debts, or if he left real estate other than the homestead out of which claims not satisfied from the personal property could be made.    In this case John P. Mitchell died having a claim to real estate the title of which was held by Warner and Moore, and as a result of litigation between his widow and heirs and Warner and Moore the widow and heirs recovered said real estate, which far exceeded in value the amount of the claims now sought to be enforced against the property sought to be partitioned.    We think it clear when the widow and heirs of John P. Mitchell, deceased, recovered the legal title to said lands, if not before, said lands were liable for the payment of the debts of John P. Mitchell, deceased, and as the appellants took no steps to enforce the claims which they had paid, individually, against their father's estate, against said lands, and treated said lands as the individual property of the widow and heirs of said John P. Mitchell, deceased, they thereby barred themselves from claiming a lien at this late date upon the lands of the deceased which their mother then occupied as a homestead.    Our conclusion therefore is, the circuit and Appellate Courts properly held that the payment of said claims could not be enforced in this proceeding against the premises sought to be partitioned.

The judgment of the Appellate Court will therefore be affirmed.                                *Judgment affirmed.*