J. O. MATTHEWS, ADMINISTRATOR, v. SALLIE PETERSON ET AL.

(Filed 17 February, 1909.)

1. **Limitations of Actions—Shortened by Statute—Reasonable Time.**
    When a limitation of time for bringing an action is shortened by statute, there must be a reasonable time given, notwithstanding the statute, within which to bring the action.

2. **Same—Executors and Administrators.**
    An administrator who seeks to subject land to the payment of a debt barred by the statute of limitations does not move for that purpose within a reasonable time after the statute has been passed (Revisal, sec. 367) shortening the limitation when he has waited for more than a year after the passage of the statute and for more than eight months after the prospective date fixed therein for it to become operative. (The provisions of Revisal, sec. 367, that letters of administration be granted within ten years after death of deceased commended, discussed and applied to the facts of this case by CLARK, C. J.)

ACTION tried before *W. R. Allen, J.,* and a jury, at December (Special) Term, 1907, of SAMPSON.

Plaintiff appealed.

*George E. Butler* and *J. D. Kerr* for plaintiff.
*Stevens, Beasley & Weeks* and *F. R. Cooper* for defendants.

CLARK, C. J.    Petition by administrator to sell land to make assets to pay debts. By consent, the facts were found by the judge, and are as follows: The plaintiff's intestate, Haywood J.

Peterson, died 12 July, 1895. The plaintiff took out letters of administration 25 September, 1905. This proceeding was begun 23 March, 1906, to make assets to pay five judgments taken before a justice of the peace 13 November, 1888, and docketed in the Superior Court the same day. These judgments were presented to the administrator a few weeks after his qualification, and were admitted by him to be valid claims against the estate. No personal property of the estate came into the hands of the administrator.

Upon the above findings of fact the court sustained the defendants' plea of the statute of limitations.

The facts in this case are almost identical with those in *Matthews v. Peterson, post,* 134, with one essential difference. Revisal, sec. 367, which suspends the running of the statute upon the death of a debtor till one year after the issuing of letters to his personal representative *(Winslow v. Benton,* 130 N. C., 58), contains this clause, inserted by the Revisal commissioners: *"Provided* such letters are issued within ten years after the death of such person." The Revisal was enacted 6 March, 1905, but to go into effect 1 August, 1905. The plaintiff took out his letters thereafter on 23 September, 1905, which was more than ten years after the death of the judgment debtor, the plaintiff's intestate.

It is true that when a statute shortens a limitation there must be "reasonable time," notwithstanding the statute, in which to bring the action. *Strickland v. Draughon,* 91 N. C., 103; *Nichols v. Railroad,* 120 N. C., 498; *Culbreth v. Downing,* 121 N. C., 206; *Carson v. Railroad,* 128 N. C., 98; *Terry v. Anderson,* 95 U. S., 628; Cooley Const. Lim. (8th Ed.), 450. Here the seven years in which the judgment was *causa litis (Daniels v. Laughlin,* 87 N. C., 433) expired 13 November, 1895, and the lien expired 13 November, 1898, but for The Code, sec. 164, suspending the running of the statute as to the former (not as to the lien). The Revisal, sec. 367, restricting the suspension of the statute to cases where the letters were issued in ten years after death of debtor, was enacted 6 March, 1905. The General Assembly thought till 1 August, 1905, was sufficient time for every one to take notice of any changes made by the statute,

but in addition, though the plaintiff qualified 23 September, 1905, he did not begin this action till 23 March, 1906, over a year after the passage of the statute and nearly eight months after the prospective date fixed by the Legislature for the statute to take effect. The claim is not meritorious. More than seventeen years had elapsed after judgments taken, with no effort to enforce collection, and more than ten years after they had ceased to be *causa litis. Daniels v. Laughlin,* 87 N. C., 433. As to such stale claims, evidence of payment may well have been lost. The Revisal, sec. 367, was a wise provision. The plaintiff, nevertheless, waited more than a year after its enactment and nearly eight months after the future day set for its going into effect before beginning this proceeding. Not having moved "in a reasonable time" after the passage of the act, he is justly barred.

The judgment sustaining the plea of the statute of limitation is

Affirmed.