### J. O. MATTHEWS v. Mrs. SALLIE PETERSON.

#### (Filed 16 March, 1910.)

1. **Judgments—Justices of the Peace—Docketing, Superior Court— Limitations of Actions.**

   The seven-year statute of limitations of actions brought upon judgments of a justice of the peace is not affected by docketing the judgment in the Superior Court.

2. **Appeal and Error—Supreme Court—Newly Discovered Evidence—New Trial—Questions of Law.**

   When the Supreme Court has determined and certified down its opinion that the statute of limitations has run against the judgment sued on, the granting of a new trial for newly discovered evidence is not discretionary in the Superior Court, it appearing that the newly discovered evidence did not change the legal aspect of the case.

3. **New Trial—Newly Discovered Evidence—Diligence.**

   A plaintiff is not entitled to a new trial for newly discovered evidence when it appears that an allegation in the answer sets forth the fact upon which the new trial is sought, such being sufficient notice to put plaintiff on guard, requiring him, at the former trial, to make due inquiry.

APPEAL by plaintiff from *Guion, J.,* at January Special Term, 1909, of SAMPSON.

The facts are stated·in the opinion of the Court.

*George E. Butler* for plaintiff.
*F. R. Cooper* and *H. L. Stevens* for defendant.

WALKER, J.   This action was originally brought for the purpose of selling real estate to pay the debts of the plaintiff's intestate.   By consent of the parties, *Judge W. R. Allen* found the facts, which are fully set out in a former appeal in the same case, 150 N. C., 132, and 150 N. C., 134.   The court found, among other facts, that Haywood J. Peterson, the plaintiff's intestate, died on 12 July, 1895.   This Court held, when the case was before us at a former term, that the plaintiff's cause of action had been barred by the statute of limitations.   The plaintiff moved in the court below, after the certificate had been transmitted from this Court, for a new trial, upon the ground of newly discovered evidence, and alleged that the plaintiff's intestate did not die on 12 July, 1895, but on 28 July, 1896. *Judge Guion,* before whom the motion was made, stated that if he should state the facts or review the findings of *Judge Allen,* upon additional testimony introduced before him, he would find that the plaintiff's intestate died in July, 1896, and not in July, 1895, but that on the facts as already found and upon the additional affidavits offered by the plaintiff, he had no power to grant a new trial on motion of the plaintiff, and he denied the motion, not in the exercise of any discretion, but as matter of law.   The court thereupon entered judgment according to the certificate of this Court, and the plaintiff excepted and appealed.   When his Honor said that he had no power to grant a new trial on the motion of the plaintiff, and when he denied the motion, not in the exercise of his discretion, but as matter of law, we understand him to have decided that, upon the plaintiff's own showing when his motion was made before the court, he was not entitled to another trial of the case, and in this view of the law, as applied to the facts now presented to this Court, we concur with the judge below.

If the plaintiff's intestate died on 28 July, 1896, instead of on 12 July, 1895, the action of the plaintiff upon the judgments which were rendered by a justice of the peace on 13 November, 1888, were barred by the statute of limitations.   It is true that they were a new *causa litis,* and plaintiff, within seven years after they were rendered, could sue upon them, if they had not been paid.   *Daniel v. Laughlin,* 87 N. C., 433.   But if the present contention as to the time of the death of the plaintiff's intestate be correct, he failed to bring any action on the judgments within the time limited by the statute, and his cause of action upon the judgments to recover their amount has conse-

MATTHEWS *v.* PETERSON.

quently been barred by the statute. There can be no doubt as to the expiration of the lien of the judgments which were docketed in the Superior Court, as more than ten years had elapsed since they were so docketed. By docketing the judgments in the Superior Court, they do not become judgments of that court, as if they had been originally rendered therein, and so as to authorize an action to be brought upon them as judgments of the Superior Court, but they were judgments of that court only for the purpose of imposing a lien upon the real estate of the debtor, or the defendant in the judgments, and for the purpose of having execution issued from that court to enforce their payment.

We may further remark with reference to the expression used by the judge, as to his want of power to grant a new trial, upon the motion of the plaintiff, for newly discovered testimony, that he evidently referred to his want of authority to set aside the judgment and the verdict upon the newly discovered testimony, if it can be called such, which did not change the legal aspect of the case and should not, if believed, reverse the former decision and judgment of the court.

But we do not think the additional testimony offered by the plaintiff, upon his motion to set aside the judgment and verdict and grant a new trial, could be regarded as newly discovered, or that the plaintiff has acted with due diligence in bringing the matter to the attention of the court, even if in other respects he would be entitled to the relief which he now prays.

It was stated in the answer of the defendant that the plaintiff's intestate died on 28 July, 1896, and this was sufficient notice to the plaintiff for the purpose of putting him on his guard and requiring him, at the former trial, to make due inquiry as to the true date of the intestate's death. Indeed, he had the right to introduce, as evidence against the defendants, their answer to the petition, for the purpose of proving that the intestate died in July, 1896, instead of in July, 1895, that is, if the difference in the two dates could make any difference in the law of the case, and should change the result which was reached at the former hearing in the Superior Court. We do not think that, if the new evidence is material, the plaintiff has brought himself within the rule frequently laid down by this Court and which has now become familiar and elementary, in regard to setting aside a judgment and verdict for newly discovered testimony. He seems to fail at every point.

It was argued before us that, as the defendants had stated in their answer, the death occurred on 28 July, 1896, the question as to the bar of the statute of limitations was not involved in

the case, but we have sufficiently disposed of this contention by what we have already said, as, if the death had occurred in July, 1896, instead of July, 1895, the plaintiff's cause is still barred, and the judgment of the Superior Court and the decision of this Court were correct.

In any view we can take of the case, as the facts are now presented to us, we are of the opinion that the plaintiff has failed to show himself entitled to the relief which he now demands.