Submitted on briefs January 20, affirmed February 2, 1915.

## IN RE WEBSTER'S ESTATE.
## LUSE *v.* WEBSTER.

(145 Pac. 1063.)

**Executors and Administrators—Claims—Limitations.**

1. Under Section 16, L. O. L., providing that the time of the absence from the state of a debtor shall not be taken as any part of the time limited for the commencement of an action accruing before the departure from the state, and Section 18, declaring that no action for collection of any claim against a decedent's estate may be maintained when no letters of administration issued within six years after the death of decedent, claims are barred where more than six years elapse between the death of a debtor and the issuance of letters of administration.

> [As to absence from state and whether it forms an exception to statute of limitations unless expressed, see note in 13 Am. Dec. 368.]

**Courts—Probate Courts—Equity Procedure.**

2. Section 1135, L. O. L., providing that the mode of proceeding in the County Court sitting in probate is in the nature of that in a suit in equity, makes proceedings in probate a suit in equity.

**Executors and Administrators—Settlement of Estates—Establishment of Claims—Laches.**

3. A debtor having property within the state departed therefrom in 1896 or 1897, and resided elsewhere until his death in 1904. In 1912 letters of administration were issued in the state. His creditors had taken no steps to enforce payment of their claims until after the issuance of the letters. *Held,* that the County Court sitting in probate properly adjudged that the claims of the creditors were stale, though the statute of limitations was not binding.

**Executors and Administrators—Settlement of Estates—Taxes—Enforcement.**

4. Taxes accruing after the death of the owner are enforceable by appropriate proceedings, and will not justify an order for the sale of real estate by an administrator.

From Coos: ROBERT G. MORROW, Judge.

In Banc. Statement by MR. JUSTICE BURNETT.

This is a proceeding commenced in the County Court by Lillian Luse, administratrix of the estate of W. G. Webster, deceased, and J. A. Luse, claimant, against

Alma Webster, Henry Sengstacken Company, a corporation, Annie Webster, Walter H. Webster and wife, and David James.

On February 20, 1892, W. G. Webster, then a resident of Coos County, Oregon, gave his note to George S. Blood for $100, due one day after date, with interest at 10 per cent per annum. This was unsecured, and the interest was afterward paid to February 2, 1895; no other payments having been made. On April 8, 1892, Webster gave his note and mortgage securing the same to W. A. Luse for $1,000 due in four months, with interest at 8 per cent per annum. It is stated in the pleadings that on this note and mortgage only the sum of $216 has been paid, and that prior to February, 1895. It appears that Webster left Oregon in 1896 or 1897, and went to reside in Arizona, where he died October 7, 1904. On April 23, 1912, letters of administration were issued upon his estate in Coos County to Lillian Luse. On June 18, 1913, she petitioned the court appointing her for leave to sell certain realty of the deceased in that county for the satisfaction of claims, reciting those already mentioned, together with expenses of administration estimated at $1,000, unpaid taxes due Coos County, Oregon, reckoned at $329.49, and unpaid street assessments calculated at $400.

It appears that W. G. Webster left a widow, Annie Webster, and, as heirs, his two sons, W. J. Webster, since deceased, and Walter H. Webster. The widow and Walter Webster conveyed away their interest in the land in question, to which by mesne conveyances the defendant Henry Sengstacken Company succeeded. W. J. Webster, the other son, died, leaving the defendant Alma Webster as his sole heir. The Sengstacken Company and Alma Webster, objecting to the petition

for an order to sell the land, allege that the decedent died on October 7, 1904; that no petition for the administration of the estate was made or filed, and that no letters of administration were issued until April 23, 1912, as stated, that being more than six years subsequent to the date of the decedent's death. They urge that the only claims presented to the administrator were the Luse note and mortgage and the Blood note, and that they are barred by the statute of limitations. They further offer to pay to the administratrix such sum of money as the court shall adjudge necessary to pay the costs of administration. The replies challenge the answers in material particulars, and state, in substance, that the Luse note and mortgage were given in part payment of the purchase price of the premises in dispute; that afterward Webster departed from the state, and at all times remained absent therefrom; and that no payments have been made on the note beyond the aggregate of $216.22, the last payment being made April 13, 1895. The County Court heard the matter on the issues involved, entered a decree disallowing the claims of Blood and Luse against the estate, and dismissed the petition on condition that the costs of the administration should be paid by the parties interested therein on or before October 6, 1913, The Circuit Court on appeal by the administratrix reached substantially the same conclusion fixing the expense of administration at the sum of $450, which the defendant Alma Webster paid into court for that purpose. The administratrix appealed.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                                     AFFIRMED.

For appellants there was a brief over the names of *Mr. Joseph W. Bennett, Mr. Bennett Swanton* and *Mr. Tom T. Bennett.*

For respondents there was a brief submitted by *Mr. W. U. Douglas.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. There is no substantial dispute about the facts involved in this litigation. The principal question to be determined is whether the Circuit and County Courts were right in disregarding the claims of Luse and Blood.   Section 16, L. O. L., reads thus:

"If, when the cause of action shall accure against any person who shall be out of the state or concealed therein, such action may be commenced within the terms herein respectively limited, after the return of such person into the state, or the time of his concealment; and if, after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself, the time of his absence or concealment shall not be deemed or taken as any part of the time limited for the commencement of such action."

Section 18, L. O. L., provides as follows:

"If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his personal representatives after the expiration of the time, and within one year from his death.   If a person against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representatives after the expiration of that time, and within one year after the issuing

of letters testamentary or of administration; but no suit or action for collection of any claim against the estate of a decedent may be maintained, when no letters testamentary or of administration shall have been issued before the expiration of six years after the death of the decedent, unless begun before the expiration of six months after the taking effect of this act.''

It is plain that if Webster had not died and had never returned to the State of Oregon the statute of limitations would not yet have run against the notes in question; but, his death having been admitted, and it having been shown that it occurred on October 7, 1904, the situation is controlled by the last clause of Section 18, L. O. L., saying:

''But no suit or action for collection of any claim against the estate of a decedent may be maintained, when no letters testamentary or of administration shall have been issued before the expiration of six years after the death of the decedent, unless begun before the expiration of six months after the taking effect of this act.''

That excerpt was engrafted upon Section 18 as an amendment by the legislative assembly in 1907. More than six years having elapsed between the death of the decedent on October 7, 1904, and April 23, 1912, when the letters of administration were issued, the debts to Luse and Blood were barred under the conditions of Section 18 just quoted. It is stated in emphatic terms in Section 1241, L. O. L., that:

''No claim shall be allowed by the executor or administrator or the County Court which is barred by the statute of limitations.''

As a matter of law, this disposes of the the Luse and Blood claims adversely to them.

2. The administratrix apparently concedes that this would be the case if she had been sued in an action at law to recover the money due on the claims, or if a suit had been instituted against her to foreclose the Luse mortgage. She seeks, however, to avoid this conclusion by saying, in effect, that her operations in the County Court were neither an action at law nor a suit in equity, but a mere proceeding which is not controlled by the statute of limitations. We read, however, in Section 1135, L. O. L.:

"There are no particular pleadings or forms thereof in the County Court, when exercising the jurisdiction of probate matters * * other than as provided in this title. The mode of proceeding is in the nature of that in a suit in equity as distinguished from an action at law. The proceedings are in writing, and are had upon the application of a party or the order of the court. The court exercises its powers by means of— (1) A citation to the party; (2) an affidavit or the verified petition or statement a party; (3) the subpoena to a witness; (4) orders and decrees; (5) an execution or warrant to enforce them."

The statute thus makes the proceedings in the County Court sitting in probate substantially a suit in equity, and while, as a court of chancery, it is not strictly bound by the statute of limitations, except, on the question here involved, as stated in Section 1241, L. O. L., still it proceeds in analogy to the same, and will withhold its aid to enforce a stale claim.

3. The utmost that could be accomplished in any event in this litigation, or, for that matter, in any other against a nonresident, would be to subject to the payment of these debts the property belonging to the debtor within this state. That could have been effected, and was all that could have been done, at any

time after the departure of Webster from the state in 1896 or 1897. Whether proceedings were instituted before or after his death, the end to be attained is the same. Independent of the statute, therefore, the County Court was right in its action disregarding the Blood and Luse claims on the ground that they were stale under all the circumstances; for at the least calculation the holders of those demands allowed 15 years to pass from the departure of Webster to the date of issuing the letters of administration without taking any steps whatever to enforce payment. Leaving the state law of limitations out of consideration, the County Court, exercising its equity powers, was clearly within the bounds of its authority when it ignored these notes as stale. The principle is laid down by Mr. Justice MOORE in *Loomis* v. *Rosenthal,* 34 Or. 585 (57 Pac. 55), the syllabus on this point reading thus:

"While the statute of limitations is not a defense in equity, still the claimant must have exercised reasonable diligence in asserting his claim after ascertaining the fraud complained of, or after learning of facts which would put a person of ordinary intelligence on inquiry."

Other authorities in this state are *Sedlak* v. *Sedlak,* 14 Or. 540 (13 Pac. 452) and *Raymond* v. *Flavel,* 27 Or. 219 (40 Pac. 158). Similar doctrine is enunciated in *Graham* v. *Brock,* 212 Ill. 579 (72 N. E. 825, 103 Am. St. Rep. 248); *Goodrum* v. *Mitchell,* 236 Ill. 183 (86 N. E. 217); *Cohen* v. *Tuff* (Del.), 86 Atl. 833; *Matthews* v. *Peterson,* 150 N. C. 132 (63 S. E. 722).

4. So far as the taxes and street improvements are concerned, they appear to have accrued long after the death of Webster, and are enforceable by appropriate proceedings other than administration. They do not necessarily concern the administratrix, and no one can

be injured by the treatment these claims received in this proceeding. Otherwise an estate might be kept open indefinitely, for it is morally certain that taxes will always accrue.

The decrees complained of were just and equitable, and are therefore affirmed.                    AFFIRMED.