Singleton, Judge:
Claimant, Armco Steel Corporation, filed in this Court on October 31, 1967 its claim for $11,697.34 representing the price of 15,591 feet of Armco full-coated and paved pipe taken over by the State Road Commission from a previous contractor and which the Road Commission delivered to Central Asphalt Paving Company and V. N. Green & Company for use in the construction of a portion of highway Interstate 1-64 designated as Project 1-64-1 (37) 22.
All the facts were stipulated by counsel for the claimant and counsel for the State, and the only real question for determination is the legal question interposed by the attorneys representing the Road Commission, which question is whether in its final analysis the claim is barred by the statute of limitation.
In 1960, Howard Price & Company was awarded a contract to construct a portion of Interstate 1-64 in Cabell County, West Virginia, and that company ordered on a rather uncertain basis from claimant the pipe necessary to complete such work. In 1961, the State Road Commission advised Howard Price & Company that that company would not be permitted to complete the work, and the Road Commission then re-advertised the project and on April 30, 1963 awarded the contract therefor *34 to Central Asphalt Paving Company and V. N. Green & Company with the express direction and understanding that the latter would not have to include the price of pipe in their bid and that they would not be required to pay for the pipe which had been delivered by claimant and which remained left on the project and unused by Price and which would be turned over to the new contractors. Such pipe was supplied to the new contractors and so used by them in the installation of the same in the summer of 1963. Claimant attempted to obtain judgment against Price in the District Court of the United States for the Southern District of West Virginia, but was denied judgment on the basis that it was not bought by Price but only ordered for use as needed. Whereupon, the claim was filed in this Court on the ground that the State Road Commission had taken the pipe, appropriated the pipe to its own use and furnished the same to the new contractors, and thus had had the benefit of the material, and that therefore the State either by unlawfully appropriating the property or by an implied contract with Armco should pay for it.
The question is whether the claim is barred by the statute of limitation, that is by the two year limitation which applies to actions ex delicto, or whether the five year limitation as to implied contracts controls. Much has been said in the brief of counsel for claimant as to just when the period of the statute begins under this set of facts, and whether the statute has been tolled by the suit in the Federal Court, the inability to make demand of payment because it didn’t know as to whom demand should be made upon, and the lack of a Court to determine the question. We believe it unnecessary to determine any question of tolling, as the other facts and law applicable are sufficient for our decision.
It is the contention of the claimant that if the pipe was appropriated and converted by the State Road Commission to its own use without the consent of Armco, such act amounted to a tort. Under the well known principle of law as expressed and applied in Walker v. Norfolk & Western Railway Co. 67 W. Va. 273, 63 S. E. 722, claimant, as the owner of the pipe according to the decision of the Federal Court, had the right to waive the tort of the Road Commission and to sue on implied contract, and under such circumstances this tortious act. if it were such, *35 was committed by the State Road Commission in the spring and summer of 1963 when it delivered to or permitted the new contractors the right to use the same and the new contractors so used it for the State Road Commission; and within five years thereafter, namely, October 31, 1967, claimant filed this claim in this Court, and we think that the claimant had the right and now has the right to maintain this action at this time on the basis of implied contract, as the five year statute of limitations is the statute relating to the matter, and that statute has not run.
While the Federal Court did not say whose pipe it was when it was left on the project by Price, it did hold that Price was not liable to claimant for its value, which left the ownership or title to the pipe either in Armco or in the Road Commission, and since the Road Commission either tortiously took it or impliedly contracted with Armco for it, we believe Armco has the right to maintain this action in this Court as a tort waived and on an election by Armco to sue on contract implied by the facts within the five year period of the statute of limitation.
And in addition to the legal rights of the parties, we are of the opinion that the State has received full benefit of the property and is morally obligated to pay the claim, and we do hereby award claimant, Armco Steel Corporation, a corporation, the sum of $11,697.34.
Judge Ducker disqualified himself from participation in the consideration and decision of this case.
Awarded $11,697.34.