# SUPREME COURT.

JAMES S. WATSON, respondent, agt. ELIZABETH WATSON, appellant.

*Divorce — decree — application to set aside for fraud.*

On an application to set aside a decree of divorce for fraud and irregularity in obtaining it, after the death of the plaintiff, the remedy is by an action in the nature of a bill of review, bringing before the court all the heirs-at-law and other persons interested in the real estate left by the decedent, and such persons as may have taken conveyances thereof subsequent to the decree, as well as the representatives of the decedent.

An application on motion and on notice simply, to the administrator of the plaintiff's estate, is not sufficient.

*N. Y. General Term, March*, 1874.

THIS is an appeal from an order of the court at special term, denying the motion of defendant to set aside a judgment of divorce, entered September 3, 1863.

*H. F. Averill*, for appellant.

*James M. Smith*, for respondent.

DAVIS, *P. J.*—The plaintiff, who obtained the divorce, died in the fall of 1872, intestate; and the motion is now made upon service of papers upon his administrator. The grounds are fraud and irregularity. If the facts stated in the moving papers be true, there certainly ought to be some relief for the defendant; but the question before us is, whether that relief can be obtained on motion, and on notice simply to the administrator of the estate. We think

it cannot. No authority is cited for such practice. The administrator has no power to consent to the setting aside of the judgment. He has no control or authority over it. There is no pecuniary recovery to be enforced by him. The decree simply dissolves the marriage relation and disposes of the custody of the children, both of which are questions in which the administrator, as such, has no legal interest whatsoever. It is said that he is interested in the question whether the defendant is entitled, as widow, to a distributory share of the estate, or is cut off therefrom by the judgment of divorce; but in that question, as administrator, he has no legal interest. The distribution, after payment of debts, &c., is made by decree of the surrogate, and the representative cannot properly be said to have any legal interest, whether the decree shall award the whole to the children of the intestate, or distribute a portion to defendant. We cannot avoid the conclusion that the motion was properly denied. An action in the nature of a bill of review, bringing before the court all the heirs-at-law and other persons interested in the real estate left by the decedent, and such persons as may have taken conveyances thereof subsequent to the decree, as well as his representatives, seems to us the only mode in which the relief sought can properly be obtained.

The order must be affirmed.

DANIELS and WESTBROOK, JJ., concurred.