[Filed March 7, 1887.]

## ANNIE SEDLAK v. LODEMA SEDLAK.

SUIT TO SET ASIDE FRAUDULENT DECREE—DELAY—LACHES.—The general rule is, that no lapse of time or delay in bringing suit will be a bar to the remedy in equity to set aside a fraudulent decree, provided the injured party was ignorant of the fraud. But in such case, the delay must not have been negligent ; and if, by reasonable diligence, the fraud could have been discovered, or ought to have been known, the complaining party will be deemed guilty of laches, and equity will not interfere.

SAME—ACQUIESCENCE.—Hence, where a decree, entered nearly thirty years ago, granted affirmative relief to the present plaintiff, which she accepted and has ever since acquiesced in, and said decree was duly spread upon the proper record, and the rights of third parties have since intervened, this court will assume that the plaintiff knew, or ought to have known, her rights under such decree, and will not entertain her suit to set it aside.

MARION COUNTY. Plaintiff appeals. Affirmed.

*E. O. Dowd*, for Appellant.

*H. Y. Thompson*, and *Geo. H. Durham*, for Respondent.

LORD, C. J.—This is a suit to impeach a decree for fraud. The final decree was entered nearly thirty years ago, granting to the plaintiff a divorce and the custody of her children, and an interest in the defendant's estate. The benefits of that decree she has accepted, taking the divorce, receiving the children, and the money awarded her under it. As such party to the record, after receiving all the advantages of the decree, and acquiescing in it for so many years, can she now be heard to impeach it on the ground that the decree was entered without notice, or her knowledge or consent? During all this period, it is not disputed but that the decree has been spread upon the proper record, for the information of all concerned. And now, after the former husband has married, raised other children, and recently died, and by his will (so it was said at the argument) provided for the children of both marriages, ought this suit, under the circumstances, to be entertained? Is not the claim made against his estate, and sought to be enforced, such as is denominated " stale," and regarded with disfavor in equity?

The general rule, without doubt, is, that no lapse of time or delay in bringing the suit will be a bar to the remedy in equity, providing the injured party, during the interval, was ignorant of the fraud. But the ignorance of such party must not have been negligent; for if, by reasonable diligence, the fraud could have been discovered, or ought to have been known, he will be deemed guilty of laches, or of acquiescence, and equity will refuse to interfere. In many cases, courts of equity act upon the analogy of the statute of limitations. But independent of this, it is a favorite doctrine of equity to allow a defense to be based on a mere lapse of time, and the staleness of the claim, denominated laches, where the delay has been passive and acquiesced in for a great length of time. (Story's Eq. Juris., Sec. 1520 *et seq. ;* Pomeroy's Eq. Juris., Sec. 418, 419 ; *Badger* v. *Badger,* 2 Wall. 94.)

In *Sullivan* v. *Railway Company,* 94 U. S. 807, Mr. Justice Swayne said : " To let in the defense that the claim is stale and that the bill cannot therefore be supported, it is not neces-

sary that a foundation be laid by any averment in the answer of the defendants. If the case, as it appears at the hearing is liable to the objection by reason of the laches of the complainant, the court will, upon that ground, be passive, and refuse relief. Every case is governed chiefly by its own circumstances. Sometimes the analogy of the statute of limitations is applied; sometimes a longer period than that prescribed by the statute is required; in some cases a shorter period is sufficient; and sometimes the rule is applied where there is no statutable bar. It is competent for the court to apply the inherent principles of its own system of jurisprudence, and decide accordingly."

Upon these principles courts of equity are constantly acting as a means of "discouraging stale claims, or gross laches, or unexplained acquiescence in the assertion of an adverse right." (*Hayward* v. *Nat. Bank*, 96 U. S. 611.) "Nothing," said Lord Camden, "can call forth this court into activity but conscience, good faith, and reasonable diligence. When these are wanting, the court is passive and does nothing. Laches and neglect are always discountenanced." (*Smith* v. *Clay*, Ambler, 645.)

Upon this record we must assume that the plaintiff knew, or ought to have known, of her rights. Her own conduct in the premises is not susceptible of any other construction consistent with the facts alleged. We do not think, therefore, there was any error, and the decree must be affirmed.