(Hamilton County Common Pleas.)

## ELIZABETH FRITZ v. CAROLINA FRITZ.

*Divorce—May be set aside- where court never obtained jurisdiction—*

Where a court has jurisdiction of the parties and of the subject matter, a decree for divorce can not be opened, however fraudulent the conduct of the opposite party might be in its procurement. But where a party fraudulently institutes a suit for divorce in the name of the other party as plaintiff therein, without knowledge or authority of such other party, there was in fact no suit, and the court never obtained jurisdiction thereof; and a decree for divorce rendered in such pretended suit may be set aside in an action for that purpose.

Held further that the delay of two years in bringing such action to set aside the decree of divorce, after the other party had ascertained the fact of such decree having been rendered, though unexplained, is not such laches as will prevent the plaintiff from asserting her rights.

---

HOLLISTER, J.

The case was heard on demurrer to

the petition, which shows that in 1861 the plaintiff was married to Christian Fritz, by whom she had three children, all now living. In 1864, Christian then being in the army, she made her residence in Indiana, and has lived in that state since that year. Christian joined her there in 1866, remaining a few weeks and left announcing his intention of establishing a home for the plaintiff and himself in Cincinnati, but instead of carrying out this intention he went to the eastern states and never came back. He died in New York in 1895 leaving property. In 1896 the plaintiff for the first time learned that by the fraud of her husband in 1867 an action for divorce was brought in this county, wherein she appeared in the record as plaintiff and the husband as defendant, and that a decree for divorce was entered, reciting that the cause was heard on the evidence; that defendant was served by publication; that the plaintiff had been a bona fide resident of Hamilton county, for the year preceding the filing of the suit, and that the defendant had been willfully absent from her for three years. The action for divorce was filed without the plaintiff's knowledge or authority by some one unknown to her. She never knew of its pendency, and was not present at the hearing, and never heard of the suit until after her husband's death. The suit was filed within eleven months after Christian left the plaintiff in Indiana. In April, 1867, he was married to Caroline, the defendant. Christian and Caroline had no children. The petition prays that the decree for divorce may be set aside and held for naught.

The question or decision is, whether or not such an action as this can be maintained.

1. It is claimed that the plaintiff is estopped by her own laches in asserting her rights, if she has any rights in the premises. Christian died November 2, 1895. This suit was filed December 18, 1897. The plaintiff did not know of the fraudulent divorce until 1896. Less than two years intervened between the time she knew of the fraud and her efforts to avoid its operation. It does not appear why she delayed. Her reasons may have been quite reasonable. It can not be said that a delay of two years is per se such laches as to prevent the plaintiff from asserting her rights. In ordinary cases the statute gives four years after the discovery of a fraud within which to bring a suit to avoid its effect.

2. If the facts stated in the petition are true, and by the demurrer they are confessed to be, no fraud more gross than that shown to have been practiced by Christian Fritz has ever been brought to the attention of this court. But can the plaintiff obtain relief under the law as it exists in this state?

The rule was established in Parish v. Parish, 9 Ohio St, 534, that a decree of divorce although obtained by fraud and false testimony, can not be set aside on an original bill filed at a subsequent term This rule was approved in Neil v Neil, 38 Ohio St, 558, 559, as applied to cases in which a review of proceedings in divorce is sought, and in Knapp v Thomas, 39 Ohio St, 377, 393.

In that case, Daniel Parish, by perjury and by preventing notice to his wife, who, while the publication of notice was being made, was residing out of Brown county, in which the suit was brought by him, procured a divorce from her on the ground of adultery and other causes The court reached its conclusion upon consideration of the statute providing that decrees for divorce shall be final and conclusive, and the principle of public policy which the decision expresses in this language:

"A judgment or decree which affects directly the status of married persons by sundering the matrimonial tie, and thereby enabling them to contract new matrimonial relations with other and innocent persons, should never be reopened Such a course would injure the peace and good order of society and the happiness and well being of those who, innocently relying upon the stability of a decree of court of competent jurisdiction, have formed a connection with a person, who,

wrongfully perhaps, procured its promulgation"

In that case the vacation of the decree was claimed on the ground that the complainant in the action for the divorce procured the decree "by means of false and fraudulent representations as to his true residence, and the willful suppression of the published notice of its pendency, and the false testimony of witnesses suborned by him."

The jurisdiction of the court to try the case was not assailed This is shown by the language of Judge Peck, appearing at page 538; and at page 540 he remarks:

"The court in Brown county had jurisdiction of the subject matter and of the parties—of the one by his appearance, and of the other by publication in a newspaper, which, under our statute, is as effective in conferring jurisdiction as actual service. * * * * The Ohio courts must regard the Brown county common pleas in the original divorce suit as having acquired jurisdiction over persons as well as subject matter."

What position the court would have taken if it had appeared that the court of common pleas had not obtained jurisdiction we do not know, but it is difficult to believe that, if that fact had been apparent, the court would have used the sweeping language at page 538, quoted above..

·The jurisdiction of a court is the power to hear and determine a cause. One of the essential requisites of the exercise of such power is that the plaintiff in a divorce suit was a bona fide resident of the state for a year preceding the filing of the petition. During that time Elizabeth was not in the state at all, and neither was Christian, until at least the suit was brought, and, further than that, she never filed any petition. There was no cause. The proceeding was a sham and a rank fraud practiced not only on Elizabeth but on the court. As there was no cause before the court there was no proceeding within its jurisdiction, either as to subject matter or as to persons interested therein.

It was held in Earle v. Earle, 91

Ind., 27, that although a decree for divorce can not be reviewed under the Indiana statute authorizing the review of judgments in ordinary civil cases, yet the courts have power in a direct proceeding to set aside decrees for divorce obtained by fraud on the court, and that while such decree is not void in the legal sense, unless the thing lacking or making it so is apparent upon the face of the record, yet it is voidable. That court also held that a proceeding such as this was a direct proceeding, and not collateral attack upon a judgment of the court. Hogg v. Link, 90 Ind., 346, and cases cited there; Wainwright v. Smith, 117 Ind., 414; Kirby v. Kirby, 142 Ind., 421.

In Keller v. Keller, 139 Ind., 38, the court say, at page 40:

"This court, in construing section 615 ('No complaint shall be filed for the review of a judgment for a divorce') has held that decrees and proceedings in divorce cases can not be reviewed. Willman v. Willman, 57 Ind., 500; Earle v. Earle, 91 Ind., 27. The general policy of our law is against disturbing judgments in divorce actions, except in cases of fraud upon the jurisdiction of the court."

This was but the announcement of a doctrine theretofore asserted in that court, for in Brown v. Grove 116 Indiana, 84, the precise question was before the court which is in controversy here. Grove caused a suit to be filed in his wife's name against himself without her knowledge or consent. He appeared and answered. A decree was entered against him on the petition. Suit was brought by her to annul the fraudulent decree. In relieving the wife of it, Judge Elliot said:

"The complaint is good A husband who procures a petition to be filed in the name of his wife against himself without her knowledge, and answers the complaint filed by his own procurement, perpetrates a fraud upon her and upon the court. Such conduct courts abhor. It would be a mockery to uphold a decree obtained by such a fraud. Courts have inherent power to annul decrees obtained by means such as those resorted to by Henry W. Grove. He was the sole party to

the suit. In truth, there was no suit, for there was no plaintiff'"

The sweeping rule in Parish v Parish relied on by defendant is based by the court on three cases in Ohio: Bascom v. Bascom, 7 Ohio, part 2, 125, in which it was held that a bill does not lie to review the decree in a divorce case; Laughery v. Laughery, 15 Ohio, 404, in which the decision was that an appeal could not be taken from such a decree, and Tappan v. Tappan, 6 Ohio St., 64, in which the court declined to entertain a petition in error to such a decree. The court also cited Lucas v. Lucas, 3 Gray, 135, which merely holds that a decree for divorce can not be reviewed by a bill for that purpose.

But these questions are not in issue here, and are conceded. The court cited at length from Greene v. Greene, 2 Gray, 361; but that case is effectually disposd of as an authority for the decision of this case, for in Edson v. Edson, 108 Mass., 590, the court stated the rule, for which ample authority is given, "that courts of justice have power on due proceedings had to set aside or vacate their judgments and decrees, whenever it appears that an innocent party without notice has been agrieved by a judgment or decree obtained against him without his knowledge by the fraud of the other party" And it was accordingly held, that while some general expressions in Greene v Greene seem to give sanction to the doctrine that a decree of divorce could not be impeached however fraudulent the conduct of the other party might be in its procurement, yet that such a conclusion was not the legitimate result of the language of the court in that case taken in connection with the actual case before the court; and the court go on to say in the decision of Edson v Edson, at page 598:

"Nor does the petitioner seek to set aside a decree rendered against her in a suit of which the court had full jurisdiction, of the pendency of which she had notice, and in which an opportunity to be heard was afforded her, but she asks only that she may not be deprived of her rights by a judgment against her in a proceeding of which she not only had no notice,

[COPYRIGHT, 1899, BY CARL G. JAHN.]

but of which that knowledge was fraudulently kept from her, and of which the court had no actual jurisdiction, but only apparent jurisdiction, founded on false allegation of domicile."

In Parish v. Parish it is expressly found that the court had jurisdiction of the subject matter and of the parties.. In the case at bar there was no case before the court of which it might take jurisdiction. The decision of that case, while it may be, not having been reversed, authority for the proposition, that when a court has jurisdiction of the subject matter an of the parties, the decree taken in a divorce case will not be set aside by reason of the fraud of either, yet, it is not authority for the proposition, however broad its language, that a court has no power to set aside a decree for divorce obtained by fraud upon the jurisdiction of the court. In the case under consideration the court had no jurisdiction.

This court feels justified under these circumstances and authorities in holding that it has inherent power to set aside any decree, including a decree of divorce, which has been procured by fraud upon the jurisdiction of the court. Hence, this action may be maintained.

E. M. Spangenberg and Campbell, Bates, ClenDening & Meyer for the Plaintiff; Goebel & Bettinger contra.