(35 Misc. Rep. 354.)

GROH v. GROH.

(Supreme Court, Special Term, New York County. June, 1901.)

1. DIVORCE—DECREE—MOTION TO VACATE.
   After death of plaintiff in divorce, in whose favor a judgment had been rendered, a motion to vacate the same on the ground that it was improperly obtained comes too late.
2. SAME—DEATH OF PLAINTIFF.
   Where a judgment of absolute divorce was granted plaintiff, and he thereafter dies, in order to vacate a judgment for plaintiff as illegally obtained, defendant must bring separate action against all the parties interested in plaintiff's real estate subsequent to the judgment, and his personal representatives.

Action by John Groh against Susie O. Groh for divorce. Judgment for plaintiff. Motion to vacate judgment after death of plaintiff. Denied.

A. G. Fox, for the motion.
S. Untermyer, opposed.

GILDERSLEEVE, J. The plaintiff, John Groh, obtained a judgment of absolute divorce against the defendant, Susie O. Groh, in February, 1899. In March, 1900, the plaintiff died. The defendant now, after the lapse of more than a year from the death of plaintiff, makes a motion to set aside the judgment of divorce on the ground that said judgment was improperly obtained. I do not think this is the proper method of procedure. It seems to me, upon the authority of Watson v. Watson, 1 Hun, 267, that a separate action should have been brought against all the heirs and other persons interested in the real estate left by the plaintiff, and such persons as may have taken conveyance thereof subsequent to the decree of divorce, as well as against the representatives of the deceased plaintiff. Motion denied, without costs and without prejudice.

Motion denied, without costs and without prejudice.