(July 12, 1917.)

CHARLES J. VINCENT, Jr., Administrator of the Estate of THOMAS J. BLACK, Deceased, Substituted in the Place and Stead of THOMAS J. BLACK, Appellant, v. MYRTLE BLACK, Respondent.

[166 Pac. 923.]

ACTION FOR DIVORCE — DEFAULT — VACATION OF — VOID JUDGMENT— VACATION OF—DEATH OF PARTY—EFFECT OF—PROPERTY RIGHTS.

1. Trial courts have the power to vacate defaults, and an order extending the time to plead, entered after the entry of a default, operates *ipso facto* to vacate the default.

2. A default judgment entered while a cause is at issue is void, and may be set aside by the trial court.

3. A void judgment in a divorce action may be set aside, even after the death of one of the parties, when the property interests of the survivor are involved in the proceeding.

[As to vacation of divorce decree after death of party, in direct proceedings brought by surviving party, see note in **Ann. Cas.** 1913B, 369.]

On right to contest the validity of a divorce decree after the death of one or both of the parties, see notes in 57 **L. R. A.** 583; 44 **L. R. A., N. S.,** 505.

·APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action for divorce. Judgment for plaintiff vacated. *Affirmed.*

Gundlach & Miller, for Appellant.

''An action for divorce is a purely personal action. Nothing is sought to be affected, but the marital status of a husband and wife. . . . . Service upon them (executors, and administrators, on motion and notice) of a motion to vacate the judgment is farcical.'' (*Dwyer v. Nolan*, 40 Wash. 459, 111 Am. St. 919, 5 Ann. Cas. 890, 82 Pac. 746, 1 L. R. A., N. S., 551; *Kirschner v. Dietrich*, 110 Cal. 502, 42 Pac. 1064; *Barney v. Barney*, 14 Iowa, 189; *Kimball v. Kimball*, 44 N. H. 122, 82 Am. Dec. 194; 23 Cyc. 681; *Downer v. Howard*, 44 Wis. 82; *Hodges v. Tucker*, 25 Ida. 563, 580, 138 Pac. 1139; *Wayne v. Alspach*, 20 Ida. 144, 116 Pac. 1033.)

James A. Wayne, for Respondent.

A default may be set aside after the death of one of the parties, where the proceeding involves the question of property rights. If the decree of divorce is void, respondent is still the widow of Thomas J. Black and· entitled to all of the community property. (*Israel v. Arthur*, 6 Colo. 85; *Lawrence v. Nelson*, 113 Iowa, 277, 85 N. W. 84, 57 L. R. A. 583; 1 Cyc. 64.)

Where an application to set aside a default is granted by the trial court, it will not be reversed on appeal except where there has been an abuse of discretion. (*Harr v. Kight*, 18 Ida. 53, 108 Pac. 539; *Hamilton v. Hamilton*, 21 Ida. 672, 123 Pac. 630.)

BUDGE, C. J.—On Nov. 24, 1915, James J. Black commenced an action for divorce against respondent in the district court for Shoshone county. An order for personal service of summons without the state was procured, and summons was

served on respondent at Spokane, Washington, Jan. 31, 1916. On March 8, 1916, respondent's attorney made a motion for attorneys' fees, suit money and temporary alimony, supported by her affidavit. The time to answer expired on March 11, 1916. On March 14, 1916, Black's attorneys filed a *praecipe* with the clerk for a default, and the clerk entered the default of respondent for failure to answer the complaint within the time provided by law. On March 15, 1916, the district judge signed a written order, giving respondent ten days from that date within which to answer the complaint. On March 22, 1916, respondent filed her answer, together with a motion to set aside the default. On March 23, 1916, the affidavit of A. H. Featherstone, one of Black's attorneys, was filed, resisting the application to set aside the default. On April 3, 1916, the trial court entered an order, denying the motion to vacate the default and ordering the answer to be stricken from the files, and on the same date the cause was tried as a default case, findings of fact and conclusions of law were entered and a decree of divorce granted. On April 17, 1916, Black died. On May 15, 1916, a motion was filed by respondent's attorneys for an order to substitute Charles J. Vincent, Jr., administrator of the estate of James J. Black, deceased, as plaintiff in the action. Nothing further seems to have been done regarding this motion. On Sept. 19, 1916, another motion was filed, asking for an order to substitute the administrator as plaintiff and for an order, vacating and setting aside the default of the defendant, which motion was supported by an affidavit of the respondent. On the latter motion a hearing was had on the 26th day of Sept., 1916, and on Oct. 7, 1916, the court entered an order, substituting the administrator as plaintiff and vacating and setting aside the findings of fact, conclusions of law, the decree and the default. From this order the administrator has prosecuted this appeal.

The record in this case, to say the least, is in a hopeless state of confusion, but we must indulge the presumption that all of the proceedings of the trial court were regular, and although the record is silent, so far as the setting aside of the clerk's default is concerned, such must have been the result

of the court's action, when by its order of March 15, 1916, respondent was given ten days' additional time within which to answer. That the court had the power to vacate the default there can be no question, and the order extending the time to answer was a valid order and operated *ipso facto* to vacate the default. And it further appears that the respondent filed her motion to vacate and set aside the clerk's default and also filed her answer prior to the expiration of the time limited in the written order of the court. The action of the trial court on April 3, 1916, in entering the order denying a motion to vacate the default and striking the respondent's answer from the files was clearly erroneous and void, and must have been inadvertent, by reason probably of the fact that the order extending the time to answer was not filed until some time thereafter. And when on Sept. 19, 1916, the court's attention was called to the fact that the answer had been filed within the time allowed by its order and that the cause was properly at issue, at the time it made the pretended order to strike the answer from the files, it was clearly apparent that the judgment theretofore entered was void. And the court committed no error in making its order, vacating the default and setting aside its judgment and findings of fact and conclusions of law. The cause stood just as though these void orders had never been made or entered.

That the plaintiff had died in the meantime would not operate to deprive the court of its right to set aside its void judgment, for the reason that there were property rights involved. And while there are cases to the contrary, the great weight of authority supports the rule that, if the property interests of the survivor are involved in the proceeding, the decree may be assailed, if it is for any reason void or voidable. The authorities are collected in the notes to the following cases: *Lawrence v. Nelson,* 113 Iowa, 277, 85 N. W. 84, 57 L. R. A. 583; *Dwyer v. Nolan (Nolan v. Dwyer),* 40 Wash. 459, 111 Am. St. 919, 5 Ann. Cas. 890, 82 Pac. 746, 1 L. R. A., N. S., 551; *McElrath v. Littell,* 120 Minn. 380, 139 N. W. 708, 44 L. R. A., N. S., 505; *Leathers v. Stewart,* 108 Me. 96, Ann. Cas. 1913B, 366, 79 Atl. 16; *Wood v. Wood,* 136 Iowa, 128, 125 Am. St. 223, 113 N. W. 492, 12 L. R. A., N. S.,

891. See, also, *Dennis v. Harris* (Iowa), 153 N. W. 343; *Beavers v. Bess,* 58 Ind. App. 287, 108 N. E. 266.

The order appealed from is affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.