Argued March 26; affirmed September 4; rehearing denied
October 14, 1930

# LITTLE APPLEGATE IMPROVEMENT
## DISTRICT ET AL. *v.* MUNSELL ET UX.

(291 P. 369)

*A. E. Reames* of Medford for respondents.
*Kelly & Kelly* of Medford for appellants.

PER CURIAM.  Defendants appeal from a decree enjoining them from interfering with the use and maintenance of an irrigation ditch.  Respondents assert there is no properly authenticated transcript of the evidence and that the only question for decision is whether the pleadings are sufficient to support the decree.

On October 5, 1928, there was filed with the transcript on appeal volumes I and II purporting to be a transcript of the evidence duly certified by the official

court reporter, but with nothing to indicate that such transcript had ever been filed with the county clerk as required by statute. On October 24, 1928, there was filed volume III of what purports to be a transcript of the testimony in the above suit. Attached thereto is the following certificates:

"Little Applegate Improvement District Co.

vs.

J. J. Munsell, et ux.

"State of Oregon, County of Jackson, ss.

"I, Claudia Klum, the reporter in the above entitled cause, do hereby certify that I attended the trial of the above cause and took shorthand notes of the oral testimony had at said time; that the foregoing transcript consisting of seventeen typewritten pages numbered from one to seventeen is a true and accurate transcript of said shorthand notes as taken by me as aforesaid and of the whole thereof.

"Given under my hand this 22d day of October, 1928.

"(Sgd.)    CLAUDIA KLUM, Reporter."

Neither does the third volume contain any filing mark of the county clerk.

Respondents challenge volumes I and II of the transcript of evidence because it does not affirmatively appear that they were filed with the county clerk. These two volumes were certified by the official court reporter, therefore are deemed prima facie a correct statement of such testimony: Or. L., § 932; *In re Johnson's Estate*, 131 Or. 235 (282 P. 1082). It was clearly the statutory duty of the court reporter, after extend-

ing the shorthand notes, to certify thereto and file the transcript thereof with the county clerk (Or. L., § 931) so that in event of appeal the county clerk could attach to the transcript of evidence "depositions and other papers on file." (Or. L., § 554(1). Filing the transcript of evidence with the county clerk is essential to appeal. As stated in *Nealan v. Ring,* 98 Or. 490 (184 P. 275, 193 P. 199):

"The regular channel through which the evidence reaches this court is that prescribed by the statute."

The right of appeal is statutory and, as said *In re Johnson's Estate,* supra:

"In order to confer jurisdiction on an appellate court the procedure defined in the statute must be followed."

The certificate of the county clerk, dated March 24, 1930, that "the records in my office show that the exhibits in the case of *Little Applegate Improvement Dist. Co. v. J. J. Munsell et ux.,* were sent to the supreme court on October 3, 1928. The records also show a receipt from Arthur S. Benson, dated the 5th day of October, 1928, for the judgment roll in the case of *Little Applegate District Improvement Co. v. J. J. Munsell et ux.,* and that a transcript of the case was charged to Kelly and Kelly on the 3d day of October, 1928," while not as definite as should be, is sufficient, we think, to show a filing of volumes I and II of the transcript of evidence.

■ Volume III of the alleged transcript is more vulnerable to attack. There is nothing in the certificate of the county clerk to indicate that it was ever filed with that official. The certificate of the court reporter was

not made until October 22, 1928. Claudia Klum was not the official court reporter. Section 933, Or. L., provides:

"*Stenographers Appointed to Act Pro Tem.* That in the event of the absence or inability of the official reporter to act, the judge may appoint a competent stenographer to act pro tem, who shall perform the same duties as the official reporter, and whose report, when certified to, shall have the same legal effect as the certified report of the official reporter. The reporter pro tem shall possess the qualifications and take the oath prescribed for the official reporter, and shall receive the same compensation."

It does not appear that she was appointed by the judge to act pro tem as provided in the above section. As stated by Justice BURNETT in *Nealan v. Ring,* supra:

"For aught that appears she may have been the private stenographer of one of the parties, acting without any authority from the court."

This volume of the testimony is not properly authenticated and must be eliminated from consideration. The affidavit of Claudia Klum that she was requested by the attorneys for the appellants "to transcribe said testimony and file it in the office of the clerk of Jackson county, Oregon" is not sufficient. There is no averment that the transcript was filed pursuant to this request nor does it appear from her affidavit that she was appointed by the judge of the circuit court to act as court reporter.

█ Equity cases are tried de novo here and no question of fact can be reviewed without a duly authenticated transcript of all the evidence. Error will not be presumed. The single question remains: Does the complaint allege facts sufficient to constitute a cause of suit? (*Nealan v. Ring,* supra, and cases therein cited).

The complaint was not challenged by demurrer or otherwise in the lower court. It is now argued that it affirmatively appears from the fact of the complaint that the court had no equitable jurisdiction and that plaintiffs had an adequate remedy at law. If such be true, a demurrer should have been interposed. Defendents, however, saw fit to answer to the merits and ask for injunctive relief against the plaintiffs. It should require no citation of authorities to sustain the contention that appellants are now precluded from asserting that the court was without equitable jurisdiction. Accepting the allegations of the complaint as true—which we must do in view of the question for decision—it appears that the defendants were guilty of continual trespass or interference with the rights of the plaintiffs in the use and maintenance of the irrigation ditch in controversy. Under such circumstances, plaintiffs properly sought the forum of equity. Complete and adequate relief could not have been obtained in an action at law.

On the merits equity is with the plaintiffs. The decree does not disturb adjudicated water rights of defendants. Defendants' ranch is nearest to point of diversion on the irrigation ditch. "To live and let live" is a wholesome doctrine of which this court takes cognizance.

The decree of the lower court is affirmed.