ELIZABETH MOREY, Plaintiff, *v.* WILLIAM D. MOREY, Defendant.

Supreme Court, Special Term, Chemung County, September 29, 1937.

*Wilmot E. Knapp*, for Catherine Morey, executrix and sole legatee of defendant William D. Morey, now deceased, for the motion.

*Lewis E. Mosher* [*Sheldon F. Roe* of counsel], for the plaintiff, opposed.

Personius, J.   The above-named defendant, now deceased, was granted a judgment of separation in this action December 7, 1931. About September 16, 1935, on a petition purporting to be signed and acknowledged by both parties, an order was granted setting the judgment aside.   The moving party here, defendant's executrix, seeks to vacate and set aside this order.

After obtaining the judgment of separation and on October 15, 1931, the defendant executed his will in favor of his daughter, Catherine Morey.   On August 26, 1935, during a serious illness, he executed another will, largely in favor of this plaintiff and her son by a former marriage.   This was about three weeks prior to the granting of the order vacating the judgment of separation.

The defendant-testator died April 20, 1936.   The surrogate probated the first will but refused probate to the second will on the ground that the testator was incompetent when it was executed. Catherine Morey was appointed executrix under the first will.

Under subdivisions 3 and 5 of section 18 of the Decedent Estate Law, effective September 1, 1930, Mrs. Morey, the plaintiff here, had a right of election under the first will unless a " final decree or judgment of separation " had been rendered.   Since the probate of that will she has filed such election.   If the judgment of separation stands, i. e., if the order vacating it is set aside, she has no right of election.   If the order vacating it was valid, she may have unless she had " abandoned her husband."

Upon the presentation of the petition purporting to be signed by these parties and duly acknowledged, this court granted the order vacating and setting aside the judgment of separation.   On the merits and on the record now before us, we would not hesitate to set that order aside.

However, a serious question of procedure presents itself.   That matrimonial actions abate upon the death of either party must be conceded.   (Matter of Crandall, 196 N. Y. 127; Bryon v. Bryon, 134 App. Div. 320; 1 C. J. S. p. 176, § 128; 2 Carmody, § 771.) Can a judgment granted prior to the death of a party, or an order vacating the judgment, be thereafter vacated or modified by motion in that action?   We think not.   (Groh v. Groh, 35 Misc. 354; Hunt v. Hunt, 75 id. 209; 19 C. J. p. 170, §§ 421, 428; Watson v. Watson, 1 Hun, 267.)   In the last case the plaintiff had judgment for divorce.   After his death the defendant moved to vacate it on the ground of fraud.   The motion was denied, the court saying (at p. 268): " An action, in the nature of a bill of revivor, bringing before the court all the heirs-at-law, and other persons interested * * * as well as his representatives, seems to us the only mode in which the relief sought can properly be obtained."

We have not overlooked *Kirkbride* v. *Van Note* (275 N. Y. 244). There the plaintiff remarried after obtaining a divorce with alimony. Under section 1159 of the Civil Practice Act, upon proof of such remarriage, the court " must modify " the judgment by annulling the provisions for alimony. This was not done during defendant's lifetime. Thereafter his administrator was substituted and moved to so modify the judgment *nunc pro tunc*. The Court of Appeals said (at p. 249): " In view of the mandatory character of this provision and the public policy behind it, there can be no doubt that the right to apply for modification is not personal to the husband, and * * * his representative * * * may apply for such modification." This case is not controlling here for two reasons: *First*, the executor has not been substituted; *second*, neither a mandatory statute nor public policy is involved.

We think the relief here asked should be sought in an action in equity. The power of the court to set aside a judgment should be no greater than its power to set aside an order vacating the judgment. " In the absence of a statute to the contrary, a decree may also be set aside by an original suit in equity in the nature of a bill of review, and this is the procedure favored by the courts where it is sought to have the decree vacated after the death of the plaintiff." (19 C. J. p. 172, § 428; *Watson* v. *Watson, supra; Hunt* v. *Hunt, supra; Groh* v. *Groh, supra; Blank* v. *Blank*, 107 N. Y. 91; *Ward* v. *Town of Southfield*, 102 id. 287. See, also, 19 C. J. pp. 166, 170, §§ 415, 421; 34 id. p. 473, § 741 *et seq.; Jacobwitz* v. *Herson*, 268 N. Y. 130, 134; Pomeroy's Equity Jurisprudence, §§ 2070, 2072 *et seq.;* 1 Carmody, § 61.)

We do not pass upon the right of the executrix to collaterally attack, in Surrogate's Court or elsewhere, the order she here seeks to vacate. (*Gardiner* v. *Van Alstyne*, 22 App. Div. 579, 582; affd. 163 N. Y. 573; *Hall* v. *Hall*, 139 App. Div. 120, 124.)

The motion must be denied.

Submit order accordingly.