ESTHER E. QUIRK, Plaintiff, *v.* MAURICE J. QUIRK, Defendant.

Supreme Court, Erie County  January 27. 1941.

*Merwin, Paul, Lesswing & Hickman [Wortley B. Paul* of counsel], for the plaintiff.

*George B. Doyle,* for the defendant.

MALONEY, J.   It appears from the facts in this case that the parties hereto were married on the 17th day of November, 1919, and lived together until July, 1927, when the defendant obtained a judgment of separation in this court against the plaintiff on the ground that the plaintiff had abandoned the defendant.   The final judgment of separation was filed in the Erie county clerk's office on the 9th day of November, 1927.

In the year 1931 the parties hereto resumed their marital relations until the 10th day of October, 1940, when they again separated. No application was ever made to revoke the judgment of separation aforesaid.

The plaintiff now brings an action seeking a judgment revoking and canceling the judgment of separation aforesaid and further for a judgment of separation in her favor and against the defendant.   The plaintiff also moves for an order awarding her counsel fees and alimony *pendente lite.*   The defendant moves for an order dismissing the plaintiff's complaint.

This case presents only one question of importance at this time and that is whether a judgment of separation can be revoked by a subsequent cohabitation and the reconciliation of the parties. No question has been raised by counsel for the defendant as to the sufficiency of the allegations of cruelty in plaintiff's complaint. (See Rules Civ. Prac. rule 280.)

The province of this court to set aside any judgment, whether it be a judgment of separation or otherwise, is limited to those judgments where a question is raised as to a procedural or jurisdictional defect or where a question of fraud or other collateral issue is raised thereon. (See *Hallow* v. *Hallow*, 200 App. Div. 642.)

A judgment, however, that is lawfully and regularly entered from which no appeal is taken, must stand unless some specific power is granted to this court to revoke or modify the same. Section 1165 of the Civil Practice Act furnishes a method of revoking a judgment of separation and provides as follows: " Upon the joint application of the parties, accompanied with satisfactory evidence of their reconciliation, a judgment for a separation, forever, or for a limited period, rendered as prescribed in this article, may be revoked at any time by the court which rendered it, subject to such regulations and restrictions as the court thinks fit to impose." This statute does not state that a revocation of the judgment may be brought about merely by the cohabitation and reconciliation of the parties and no such interpretation was ever intended. The statute provides that a joint application must be made by the parties. This was not done and, therefore, the judgment of separation in favor of the defendant and against the plaintiff filed in the Erie county clerk's office on the 9th day of November, 1927, is in full force and effect. (See *Bailey* v. *Bailey*, 119 Misc. 433; *Hobby* v. *Hobby*, 5 App. Div. 496; *Washburn* v. *Washburn*, 137 Misc. 658; *Jones* v. *Jones*, 90 Hun, 414.)

It is the plaintiff's contention that by the resumption of the marriage relations the defendant forgave the conduct of the plaintiff and cannot now take advantage of the separation judgment founded thereon, and to substantiate this contention cites the following cases: *Mirizio* v. *Mirizio* (248 N. Y. 175); *Reischfield* v. *Reischfield* (100 Misc. 561); *Matter of Sidman* (153 id. 735). This court is in accord with the law as laid down in the above-cited cases but they must be distinguished from those cases in which a final judgment of separation has been entered.

In *Matter of Sidman* (*supra*) this proceeding was brought under section 145-a of the Surrogate's Court Act for the determination of the validity of an attempted election by a surviving husband. It appears that the husband had abandoned his wife and failed to

provide for her support and maintenance (no judgment of separation was entered in this case). Shortly prior to the death of the deceased wife, a reconciliation was effected. The court held that the husband was entitled to elect to take his intestate share of the estate pursuant to the provisions of section 18 of the Decedent Estate Law, for the reason " that a complete reconciliation between husband and wife was consummated, that the latter voluntarily took up her residence with him, and that her acts effected a full condonation of his past misconduct."

The plaintiff further contends that where the defendant has refused performance of what his acts have legally amounted to, namely, revocation of the separation judgment, the court has power to do the act for him by setting aside the separation judgment and to bear out this contention the following cases are cited: *Morey* v. *Morey* (164 Misc. 527); *Everett* v. *Everett* (180 N. Y. 452); *Schley* v. *Andrews* (225 id. 110). These cases are not applicable in the determination of the case at bar.

In *Morey* v. *Morey* (*supra*) a judgment of separation was granted on December 7, 1931. About September 16, 1935, on a petition purported to be signed and acknowledged by both parties, an order was granted setting the judgment aside. The moving party (defendant's executrix) sought to vacate and set aside this order. The court held that the judgment could not be vacated upon motion by the defendant's executrix but could only be set aside in an action in equity and states: " We do not pass upon the right of the executrix to collaterally attack, in Surrogate's Court or elsewhere, the order she here seeks to vacate."

In *Everett* v. *Everett* (*supra*) the plaintiff sought to set aside a judgment which the defendant had procured against her in the year 1888. The complaint alleges that the judgment was procured by the defendant against the plaintiff by fraud. Equity will provide relief in a proper case where it is the contention of the aggrieved party that the judgment of separation was obtained by fraud.

In case at bar the plaintiff does not question the legality or the regularity of the judgment of separation at the time of its entry, but only seeks to set it aside by subsequent acts on the part of the parties to the said judgment.

In *Schley* v. *Andrews* (*supra*) an agreement was made between the husband and wife whereby the husband was to pay her $200 per month for life, to take out $20,000 of insurance payable to her if she remained unmarried and to confess judgment for $35,000 as security in consideration that his wife secure a divorce from him. A divorce was procured by the wife and thereafter the

agreement, confession of judgment and policy of insurance were delivered to her. Subsequently the wife remarried and the husband refused to make any further payments to her. Thereupon, she entered judgment upon the confession. The husband brought a suit in equity to enjoin the collection of the judgment and the relief sought therein was granted.

It appears, therefore, that the authorities submitted by the plaintiff do not warrant the relief sought in her complaint and the motion of the defendant to dismiss the plaintiff's complaint on the ground that it fails to state a cause of action against the defendant is hereby granted. Accordingly the plaintiff's motion is denied.

Let an order enter accordingly, without costs.