Argued May 2, affirmed May 31, 1951

# REEDER *v.* REEDER

232 P. 2d 78

*L. B. Sandblast,* of Portland, argued the cause and filed a brief for appellant.

*Robert R. Rankin,* of Portland, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and TOOZE, Justices.

## LATOURETTE, J.

This is an appeal from an order denying defendant's motion to vacate a divorce decree. In the main case, defendant (husband) was served with complaint and summons on September 21, 1948. Two days later he entered a sanitarium to take the liquor "cure." He remained in such institution until October 2 of that year. On October 7, default was taken against him, and, on October 9, a decree was entered granting plaintiff a divorce. Such decree approved the property settlement agreement (hereinafter referred to as the "agreement") entered into between the parties on September 20, 1948.

On June 8, 1949, defendant filed his motion to set aside the decree, no grounds being stated therein why

such motion should be allowed. His affidavit in support of such motion, among other things, states:

"I therefore submit to the court that this motion is properly construed as being based on mistake or excusable neglect because of my incompetence as stated herein. And I should mention that I did not have the assistance or advise of any attorney in my behalf when the agreement was signed or when the complaint was served on me, and the ten days had elapsed on October 2, 1948, when I was released from the sanitarium and could not do anything about it when I was confined there for the disability stated herein."

His alleged incompetence is detailed in his affidavit and appears to have resulted from overindulgence in intoxicating liquor at and before the 23rd day of September, 1948, when he entered the sanitarium. He claims in effect that when he signed the agreement in plaintiff's lawyer's office and was served with complaint and summons he was *non compos mentis,* and he accuses his wife of various acts contributing to his excessive drinking.

His affidavit has attached thereto a letter from Doctor John R. Montague which, summarized, states that defendant entered his sanitarium on September 23, 1948, "in an intoxicated condition." After detailing defendant's history, the doctor says: "He showed marked evidence of the toxic phase of alcoholism, with sweating and tremors and was very 'foggy' mentally."

The doctor next outlines treatment given over a three-day period and concludes by stating:

"During all this period Mr. Reeder seemed quite 'foggy' mentally, but after the third day his condition had improved sufficiently and active treatment by the conditioned reflex method was instituted.

"We do not consider patients competent to sign checks or execute other business affairs until they are off a regular whisky ration."

■ Since the doctor's letter was not under oath, it is entitled to slight, if any, consideration; however, taking it at its face value, there is nothing therein which would throw any light on defendant's condition at the time defendant signed the agreement and was served with complaint and summons. It does, however, imply that when off a whisky ration, patients are competent to execute business affairs. Defendant avers that he has not had a drink since leaving the hospital.

On the other side of the picture, we have plaintiff's affidavit and the affidavits of two persons who were present when the agreement was signed, completely negativing defendant's claims.

■ A trial court's order, when entertaining a motion to relieve a party from a decree under § 1-1007, O.C.L.A., will not be disturbed on appeal, unless we can affirmatively say that the court in arriving at its decision arbitrarily exercised its discretion under the circumstances. It is also the law that when a party seeks to set aside a decree, he must exercise reasonable diligence after knowledge thereof, and that inexcusable delay will preclude him from obtaining relief. See *Cook v. Cook,* 167 Or. 474, 111 P. 2d 840, 118 P. 2d 1070; *Carmichael v. Carmichael,* 101 Or. 172, 199 P. 385; *In re Marks' Estate,* 81 Or. 632, 160 P. 540.

■ The case was tried in the lower court on the affidavits aforementioned, and, in our opinion, the court, in denying defendant's motion, exercised a sound and impartial discretion, and, further, defendant's delay in bringing the instant proceeding bars him from relief. It will be remembered that he was discharged from the

sanitarium on October 2, 1948, and waited approximately eight months before taking any steps to have the decree set aside, with full knowledge that he had signed the agreement and had been served with complaint and summons. Furthermore, contrary to his affidavit, he had had ample opportunity during the period from the date of his discharge from the sanitarium until the day of the default (some five days) in which to make an appearance.

■- The record further shows that under the agreement the parties agreed to pay all current bills up to the date of the agreement. On February 3, 1949, defendant's attorney wrote the following letter to Doctor W. A. Blackmore, a dentist:

"My client, Mr. D. T. Reeder came in to see me in regards to a bill you sent him for services to his ex-wife, Mrs. D. T. Reeder, prior to the divorce action.

"Under the terms of a property settlement dated September 25th, 1948 which was made a part of the decree and approved by the court, Mrs. Reeder was to pay one half of all the current outstanding bills.

"My client is willing to pay his one half share of this bill of $64.00 on presentation of an itemized statement showing what services were performed.

"I will appreciate hearing from you whether the above terms are satisfactory to you. If so, I will, send you the money, which has been deposited with me, for his one half share of the bill.

"I am also sending a copy of this letter to Mrs Reeder.

"Yours very truly,
"/s/ L. B. SANDBLAST
"L. B. Sandblast"

By the above action, defendant reaffirmed the agreement and confirmed all that went before. Affirmed.